[No. 2,847.]

## THE PEOPLE OF THE STATE OF CALIFORNIA *v.* JAMES G. McCRORY.

CONTINUANCE ON ACCOUNT OF ABSENT WITNESSES.—Where there is a sufficient showing as to the materiality of absent witnesses, and no apparent lack of diligence in the effort to procure their attendance, a motion to continue a cause for the term, particularly if it be the first application, should be granted.

PLEA OF GUILTY TO BE EXPRESS.—The plea of a defendant confessing himself to be guilty of a crime should not be entered except with his express consent, given by him personally in direct terms in open Court.

WITHDRAWAL OF PLEA.—A party should not be permitted to trifle with the Court by deliberately entering a plea of guilty on one day, and capriciously withdrawing it the next.

IDEM—WHEN PERMITTED.—When there is reason to believe that a plea of guilty has been entered through inadvertence and without due delibera-

tion, or ignorantly, and mainly from the hope that the punishment to which the accused would otherwise be exposed may thereby be mitigated, the Court should be indulgent in permitting the plea to be withdrawn.

JUDICIAL DISCRETION.—In such cases the Court must necessarily exercise a sound discretion, and such discretion will not be interfered with, except when abused.

APPEAL from the District Court of the Thirteenth Judicial District, County of Tulare.

The defendant was indicted for murder at the January term of the Court, 1871, and a motion for a continuance until the first day of the succeeding May term, on account of the absence of material witnesses, was granted. A few days subsequently, at the same term, on motion of the District Attorney, the Court vacated the order of continuance, and set the case for trial on the twentieth of February following, the defendant excepting. When the case came on for trial, the defendant moved for a continuance until the May term, upon an affidavit as to the absence of witnesses by which he expected to show that he committed the homicide in self-defense. The Court overruled the motion, and set the case for trial on the twenty-third of February. On that day, the defendant's witnesses being still absent, his attorneys obtained leave to withdraw his plea of not guilty, and entered a plea of guilty of murder in the second degree. Before entering this plea, the Court, turning to the side of the room where the defendant and his attorneys were seated, asked if the defendant consented to it. The attorneys for the defendant replied that he did. The defendant himself, however, said nothing, but inclined his head in a manner indicating his consent. The Court set the twenty-fifth of February for pronouncing judgment. When that day arrived the defendant asked leave to withdraw the plea of guilty. The Court refused the request, and proceeded to sentence him to fifteen years imprisonment in the penitentiary. From this judgment the defendant appeals.

*Coffroth & Spaulding* and *A. J. Atwell*, for Appellant.

The motion for a continuance for the term should have been granted, because the witnesses were shown upon affidavit to be material. There was no laches in the effort to procure their attendance, and it was probable that the witnesses could be had at the time to which the trial was sought to be deferred. (1 Bl. Rep. 510; 3 Burroughs, 1,513; 2 Tidd. 208; 2 Chit. Cr. Law, 492.) When these ingredients are incorporated in an affidavit, it is the duty of the Court to continue the cause. (*People* v. *Dodge*, 28 Cal. 445; *People* v. *Vermilyea*, 7 Cowen, 383; *Foy* v. *The State*, 9 Geo. 373; *Gross* v. *The State*, 5 Ind. 533.) A plea of guilty can in no place be put in, except by the defendant himself, in open Court. (Cr. Pr. Act, Sec. 301; *People* v. *Thompson*, 4 Cal. 241; *Douglass* v. *The State*, 3 Wis. 820; *McQuillen* v. *The State*, 8 S. & M. 587; 1 Wharton Cr. Law, Sec. 530, and authorities quoted; Ch. Cr. Law, 416, 436, 472.) The Court should have permitted the defendant to withdraw his counsel's plea of guilty before judgment was rendered. The statute says the privilege may be granted, and we are inclined to think the word " may " should be construed to be "shall." (Cr. Pr. Act, Sec. 302.)

*Attorney General Hamilton*, for Respondent.

Defendant's motion for a continuance until the next term was made on the twentieth of February, and a continuance was ordered until the twenty-third of February. When the latter day arrived, the defendant did not ask a further continuance, but entered a plea of guilty. The Court, therefore, did not err in not granting that which was not asked for. The defendant, being present in Court, with full knowledge of the proceedings, and indicating his assent to the action of his attorneys, must be considered to have consented to the plea of guilty. The Court, having permitted the de-

fendant to change his plea once, did not abuse its discretion in refusing to allow another change.

By the Court, CROCKETT, J.:

The Court erred in denying the motion made by the defendant on the 20th February, 1871, to continue the cause for the term. There was a sufficient showing as to the materiality of the absent witnesses, and there was apparently no lack of diligence in the effort to procure their attendance. The Attorney General has failed to point out any particular wherein the affidavit was defective, and I discover none. I think the showing was sufficient, and the motion should have been granted; particularly, as this was the first application for a continuance. Nor can it be said that this error of the Court worked no injury to the defendant, inasmuch as he, thereupon, withdrew his plea of "not guilty" and entered a plea of "guilty of murder in the second degree." It may be, that finding himself forced into a trial in the absence of his witnesses, he deemed it politic to confess himself guilty of the lesser offense rather than incur the hazard of a conviction for the greater in the absence of his witnesses.

But I think the Court also erred in permitting the plea of "guilty of murder in the second degree" to be entered, and in refusing to allow it to be afterwards withdrawn, on the facts disclosed in this record. A plea confessing himself to be guilty of crime should not be entered except with the express consent of the defendant, given by him personally, in direct terms, in open Court. Nothing should be left to implication, and his confession of guilt should be explicitly made by himself in person in the presence of the Court. Assuming, however, that it sufficiently appears from the record in this case that the plea was entered with the consent of the defendant, given in open Court, he should have been permitted, under all the circumstances, to withdraw it

when he applied for leave to do so.  There is nothing to show that the application was not made in good faith, or that the entry of the plea and motion to withdraw it was a mere artifice, intended for delay.  A party should not be allowed to trifle with the Court by deliberately entering a plea of "guilty" one day and capriciously withdrawing it the next. But when there is reason to believe that the plea has been entered through inadvertence, and without due deliberation, or ignorantly, and mainly from the hope that the punishment, to which the accused would otherwise be exposed, may thereby be mitigated, the Court should be indulgent in permitting the plea to be withdrawn.  It must necessarily exercise a sound discretion in such matters; and this Court will not interfere except in a case of abuse of discretion. But, inasmuch as the Court had improperly denied the defendant's motion for a continuance and forced him to trial in the absence of his witnesses, and particularly as it is not altogether clear that the defendant consented to the entry of the plea of "guilty of murder in the second degree," he should have been allowed to withdraw it, and in denying his motion for leave to do so the Court abused its discretion.

Judgment reversed and cause remanded for a new trial, with leave to the defendant to withdraw his plea of "guilty of murder in the second degree."

Mr. Justice WALLACE did not express an opinion.