William L. POOLE, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 14012–14014.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 3, 1957.

Decided Nov. 12, 1957.

Mr. Michael A. Schuchat, Washington, D. C. (appointed by this court), for appellant.

Mr. Walter J. Bonner, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., Lewis Carroll and George Foster, Asst. U. S. Attys., were on the brief, for appellee.

Before BAZELON, WASHINGTON and DANAHER, Circuit Judges.

WASHINGTON, Circuit Judge.

These are appeals from the denial by the District Court of appellant's motion to vacate sentences of imprisonment under 28 U.S.C. § 2255 (1952). Appellant was arraigned in August of 1953 in the District Court under three indictments: one charged housebreaking and larceny; the other two charged, each in two counts, forgery and uttering. Appellant was asked to plead and responded "guilty." Shortly thereafter the arraigning judge in the District Court appointed counsel and stated: "If you find the pleas inconsistent with the facts, will you report the matter to the Court." Some thirty minutes later counsel reported to the judge that he had discussed the cases with appellant and his co-defendant and had concluded: "I am of the opinion that the pleas of guilty should stand." Three weeks later, early on the day the appellant was to be sentenced (before a different judge), he notified his court-appointed counsel that he did not wish to plead guilty. Counsel reported this to the sentencing judge, not in open court but at the bench, and this colloquy followed:

"The Court: If you find any facts that indicate he isn't guilty, file a formal motion.

"Mr. Schubert: Your Honor, I have been all over this thing.

"The Court: Let him tell you. These people can't come in here and plead guilty and after having long records and knowing exactly what they are doing, and then ask to set them aside just because they don't want to be sentenced at the last minute, and take a chance on trial.

"I get your position. Judge Kirkland asked you to do it. If you find, or he is able to produce any tangible evidence, file a motion.

"Mr. Schubert: I have something, Your Honor.

"The Court: What have you?

"Mr. Schubert: He has told me that in 1945 his skull was fractured.

"The Court: Well, we can check into that, too.

"Mr. Schubert: That he has suffered with severe headaches.

"The Court: You can still do it. You have got two months after I sentence for me to set it aside.

"Mr. Schubert: I will request an examination for him down at the jail. At that time, if there is such evidence, if there should be a trial in the case, I don't feel I am in a position—

"The Court: It hasn't been set aside yet. I will sentence him. Let him start on his time, and if you find any tangible evidence—

"Mr. Schubert: I will certainly be glad to be diligent.

"The Court: I appreciate your position."

The court then sentenced the appellant to a term of imprisonment, which he is still serving.

About three years later appellant filed *pro se* a motion for relief under Section 2255, alleging principally that he was insane at the time the alleged crimes were committed and that he had not received the effective assistance of counsel. The motion was denied without hearing

and we allowed this appeal in forma pauperis.

■ When the District Court denied the motion to vacate, it certified, in a manner similar to that approved in Adams v. United States, 1955, 95 U.S. App.D.C. 354, 357, 222 F.2d 45, 48:

"Upon consideration of defendant's motion to vacate sentence, it appearing to the Court that the files and records of the case conclusively show that defendant is entitled to no relief, it is by the Court this 18th day of February, 1957,

"Ordered that said motion to vacate sentence be and hereby is denied."

But, when the District Court so certified, essential parts of "the motion and the files and records of the case" now before us—namely, the transcripts of the plea and the proceedings in connection with the imposition of sentence—were not before the District Court. Those transcripts were not prepared and filed in the District Court until they were ordered by this court to assist it in making appropriate disposition of appellant's application to this court for leave to appeal in forma pauperis from the denial of relief under Section 2255. (See per curiam order dated May 17, 1957, Misc. No. 780.) Thus, the District Court did not have before it the materials that should, in every case, be included in "the motion and the files and records of the case." 28 U.S.C. § 2255. Without examination of all of the materials prescribed by Section 2255 there could be no conclusive showing that appellant was entitled to no relief.

■ I. Cases and motions under Section 2255 have frequently presented to us the procedural difficulties here encountered. All too often the record reaching this court has failed to include essential materials. It is quite evident that Congress, when it spoke of "the motion and the files and records of the case," contemplated a larger record than has heretofore been used by the District Court of this District, at least in many

instances. The basic legislation is the Court Reporters Act, 58 Stat. 5 (1944), 28 U.S.C. § 753 (1952). That Act followed extended effort by the bench and bar to obtain a regular system of court reporters. The long-felt need for a verbatim record of all court proceedings, particularly in criminal cases, was highlighted by the Supreme Court's decision in Miller v. United States, 1942, 317 U.S. 192, 63 S.Ct. 187, 87 L.Ed. 179.[1] And Congress sought to satisfy that need by passing the Court Reporters Act of 1944. Paragraph 3 of subsection (b) of that Act provides, in part:

"* * * He [the court reporter] shall also transcribe and certify all pleas and proceedings in connection with the imposition of sentence in criminal cases and such other parts of the record of proceedings as may be required by rule or order of court."

A reading of the various drafts of that Act,[2] of the hearings conducted by the Senate Committee on the Judiciary,[3] of the House[4] and Senate[5] reports, of the conference report,[6] of the congressional debates,[7] and of the structure and wording of the statute itself,[8] shows that the quoted portion of the Act requires the following as a minimum: The court reporter, without charge and as a routine matter, must "transcribe and certify" (i.e., type up from his original shorthand notes and file with the Clerk of the District Court) in *every* criminal case—whether or not in forma pauperis, appealed or not appealed—the proceedings on the defendant's pleas and what transpired at sentencing. This transcription is to be performed as soon after the reported proceedings as is practicable. It is the duty of the District Court to see that henceforth the court reporters comply with the provisions of 28 U.S.C. § 753 (1952), in accordance with the unequivocal congressional intent.[9]

We do not require that the court reporters must now supply such transcripts to make up for any failure in the past to comply with the Act,[10] except as the District Court may order in particular instances. But we do direct the attention of the District Court to the statutory provision here construed. The District Court should feel no reluctance, even as to a closed criminal case, if the need arises in considering a motion under Section 2255 or otherwise, to order the court reporter to transcribe, certify and furnish to the court the transcript of "all pleas and proceedings" at sentencing, and "such other parts of the record of proceedings as may be required" in any such case.

1. See also Miller v. United States, 8 Cir., 1941, 123 F.2d 715; Id., 8 Cir., 1943, 138 F.2d 258.

2. See S. 620, 78th Cong., 1st Sess. (1943); H.R. 3611, 78th Cong., 1st Sess. (1943).

3. See Hearings before the Senate Committee on the Judiciary on S. 620, 78th Cong., 1st Sess., passim (1943).

4. H.R.Rep. No. 868, 78th Cong., 1st Sess. (1943).

5. S.Rep. No. 533, 78th Cong., 1st Sess. (1943).

6. H.R.Rep. No. 962, 78th Cong., 1st Sess. (1943).

7. 89 Cong.Rec. 10,489, 10,317–18, 10,872–73 (1943).

8. 28 U.S.C. § 753 (1952). The Act was originally Section 5a of the Judicial Code, 28 U.S.C. § 9a (Supp. IV, 1940 ed.). In the 1948 code revision, the Act became 28 U.S.C. § 753, with stylistic, conforming and paragraphing changes only. The language of Section 753(b) has remained unchanged since enactment.

9. See notes 2–8, supra. Our view of the congressional intent is reinforced by subsequent futile attempts of the court reporters to secure amendment of Section 753. See letter from Administrative Office of U. S. Courts to Clerk of this Court, dated April 5, 1957.

10. It appears that the court reporters in the District Court for the District of Columbia, in contrast to those in most other districts, have not in the past been in proper compliance with the Act. See Annual Reports of Attendance and Transcripts of United States Court Reporters for Fiscal Years 1956 and 1957.

■■ II. Since we now have before us the transcripts of the plea and of the sentencing, and since serious error appears clearly in those transcripts, we will pass on the questions presented. On this record, no useful purpose would be served by remand to hold a hearing.

(1) The trial court erred when it denied appellant's request to withdraw his plea of guilty. Leave to withdraw a guilty plea prior to sentencing should be freely allowed.[11] As we said in McJordan v. Huff, 1943, 77 U.S.App.D.C. 171, 172, 133 F.2d 408, 409: " * * * it goes without saying that a plea of guilty at that time [arraignment] can be and often is changed, on proper motion, *as a matter of course.*" (Emphasis added.) An accused moving to withdraw his plea *after* sentence is faced with the formidable barrier of having to show that his conviction was manifestly unjust. Fed.R.Crim.P. 32(d), 18 U.S.C. In this case, the sentencing judge erroneously placed this burden on appellant even prior to sentence when he stated to counsel at the bench:

"If you find any *facts that indicate he isn't guilty,* file a formal motion." Emphasis added.)

■ In the instant case there were two additional factors which made granting the requested withdrawal the only proper course. First, the guilty plea was entered at a time when the accused lacked any assistance of counsel. More than fifteen years ago we announced our disapproval of the practice of allowing uncounselled prisoners to plead to an indictment or information. In Evans v. Rives, 1942, 75 U.S.App.D.C. 242, at page 250, 126 F.2d 633, at page 641, we

said that the contention of the prosecution

"in the instant case that the petitioner's conviction was valid amounts in effect to an assertion that the constitutional guarantee that in criminal prosecutions the accused shall enjoy the right to have the assistance of counsel for his defense does not apply at the arraignment, where the accused is required to stand at the bar, to hear the charge, and to enter a plea. But an accused is no less an accused at that stage of the proceedings than at any other, and, as we have pointed out above, no less in need at that stage than at any other of the assistance of counsel. The constitutional guarantee makes no distinction between the arraignment and other stages of criminal proceedings in respect of the application of the guarantee. * * * The duty upon a court of according an accused such rights is positive and affirmative and must not be ignored."[12]

The accused "requires the guiding hand of counsel *at every step* in the proceedings against him." Powell v. State of Alabama, 1932, 287 U.S. 45, 69, 53 S.Ct. 55, 64, 77 L.Ed. 158 (emphasis added); see also Johnson v. Zerbst, 1938, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461.

Moreover, in this case, before sentence was imposed appointed counsel indicated —at least in a general fashion—that there might be a question of the accused's mental capacity. Counsel, in offering to have the accused examined at the jail, told the sentencing judge at the bench that the accused had told counsel that

---

11. "The court in exercise of its discretion will permit one accused to substitute a plea of not guilty and have a trial if for *any* reason the granting of the privilege seems fair and just." Kercheval v. United States, 1927, 274 U.S. 220 at page 224, 47 S.Ct. 582, at page 583, 71 L.Ed. 1009 (emphasis supplied); Bergen v. United States, 8 Cir., 1944, 145 F.2d 181, 187. See Fed.R.Crim.P. 32(d); Note, 64 Yale L.J. 590 (1955); Comment, 22 U. of Chi.L.Rev. 730 (1955); Note, 55

Colum.L.Rev. 366 (1955). Cf. Dandridge v. United States, 101 U.S.App.D.C. —, 247 F.2d 105, certiorari granted 78 S.Ct. 125; United States v. Panebianco, 2 Cir., 1953, 208 F.2d 238, certiorari denied 1954, 347 U.S. 913, 74 S.Ct. 478, 98 L. Ed. 1069.

12. See also Wood v. United States, 1942, 75 U.S.App.D.C. 274, 128 F.2d 265, 141 A.L.R. 1318; McJordan v. Huff, supra.

in 1945 his skull had been fractured and that he suffered severe headaches. It does not appear that the accused was ever examined in accordance with this offer. Counsel's statement, standing alone, may not have been sufficient to require ordering a mental examination pursuant to 18 U.S.C. § 4244 (1952). See Lloyd v. United States, 1957, 101 U.S.App.D.C. ——, 247 F.2d 522. But in view of the uncounselled plea of guilty by the accused, *pro se,* at arraignment, depriving him of the opportunity to make a properly advised decision whether to plead guilty, not guilty by reason of insanity, or simply not guilty, the judge should have permitted the change of plea at the time of sentence.

■ (2) Further, it was error for the District Court to refuse even to *entertain,* at sentencing, counsel's oral motion for leave to withdraw the plea. The District Court indicated that counsel was required to file "a formal motion," presumably one in writing. Under Fed.R. Crim.P. 47 counsel could properly make such an oral motion at the sentencing hearing. See Perry v. United States, 1952, 90 U.S.App.D.C. 186, 195 F.2d 37. But even if a written motion were thought advisable—to inform the Government and the court more particularly of the grounds for such a motion—sentencing should have been postponed. See United States v. Panebianco, supra, note 11. The sentencing court should have allowed the motion to be made, in one way or the other, prior to imposing sentence.

■ Taking all factors into account, if a direct appeal had been taken from the judgment of conviction, reversal under these circumstances would be required. Bergen v. United States, supra,

■

note 11; Evans v. Rives, supra; Wood v. United States, supra. The question now before us is whether the errors—in their totality—are sufficiently serious to require correction under Section 2255. As appears above, appellant was allowed to plead guilty without the assistance of counsel. And when counsel was subsequently appointed, he was directed by the arraignment judge to be something less than an advocate. In addition, before sentencing appellant, the court put upon him the burden of showing innocence or insanity as grounds for withdrawal of the guilty plea. Again, when the court refused leave to withdraw the plea, the court misled counsel by stating to him at the bench that "You have got two months after I sentence for me to set it aside." The only "two months" motion provided for in the Federal Rules of Criminal Procedure is a motion under Rule 35 for reduction of sentence. Such a motion is essentially a plea for leniency and presupposes a valid conviction. Cook v. United States, 1 Cir., 1948, 171 F.2d 567, 570, certiorari denied 1949, 336 U.S. 926, 69 S.Ct. 647, 93 L.Ed. 1088. It is wholly inadequate to test the propriety of allowing a guilty plea to stand. Taking all of these circumstances together we think appellant is entitled to have the judgment of conviction vacated.

The order of the District Court denying relief under Section 2255 must be reversed and the cause remanded to the District Court with directions to vacate the judgment of conviction and to hold a new trial, if the Government is prepared to proceed with one, and if pursuant to a showing under Section 4244 of Title 18 examination is had and appellant is found to be mentally competent to stand trial.

So ordered.