**Ernest Mark HIGH, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 15996.**

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 2, 1960.

Decided March 2, 1961.

Edgerton, Circuit Judge, dissented.

Mr. Myron G. Ehrlich, Washington, D. C., with whom Mr. Joseph Sitnick, Washington, D. C., was on the brief, for appellant.

Mr. Nathan J. Paulson, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before WILBUR K. MILLER, Chief Judge, and EDGERTON and DANAHER, Circuit Judges.

WILBUR K. MILLER, Chief Judge.

A two-count indictment returned against appellant on October 20, 1959, alleged that he was summoned, individually and as publisher of the Spotlight, to appear May 22, 1958, before the Senate Select Committee on Improper Activities in the Labor or Management Field to give testimony and produce certain papers concerning a matter under inquiry. Count one charged that he unlawfully failed and refused to appear to give testimony. Count two charged he unlawfully failed and refused to appear to produce the papers. On October 30, 1959, High was arraigned and entered a plea of not guilty.

On February 26, 1960, the appellant and his attorney, Murdaugh S. Madden, appeared before the late District Judge James W. Morris. William Hitz, Government counsel, was also present. The following occurred:

"Mr. Madden: May it please the Court, I am Murdaugh Madden, defense counsel for Mr. High. And Mr. High desires to change his plea from not guilty to guilty on count one. The United States Attorney has agreed to drop count two at the time of sentencing.

"The Court: Mr. Hitz, is this the case you were representing?

"Mr. Hitz: It is, Your Honor. I am in this case and I will drop count two at the time of sentence.

"The Court: All right. I take it this is satisfactory, then?

"Mr. Hitz: It is, Your Honor.

"The Court: You are charged in count one, the grand jury saying the defendant having been duly summoned as aforesaid did, in the District of Columbia, on the said May 22, 1958, unlawfully fail and refuse so to appear and give testimony and thereby willfully did make default.

"Do you understand that charge?

"The Defendant: I do, Your Honor.

"The Court: Well, did you do that?

"The Defendant: Yes, sir, I did.

"The Court: And you wish to plead guilty to that charge?

"The Defendant: Yes, sir.

"The Court: And you do that freely and voluntarily?

"The Defendant: I do, sir.

"The Court: Without any compulsion or threat or promise or anything?

"The Defendant: Yes, sir.

"The Court: Do you understand fully the consequences of such a plea?

"The Defendant: I do, sir.

"The Court: You haven't been made any promise or threat of any kind?

"The Defendant: None whatever.

"The Court: And you make the plea solely because you are guilty?

"The Defendant: I do, sir.

"The Court: You are satisfied with the advice and representation of your counsel?

"The Defendant: I am, sir.

"The Court: Take his plea, Mr. Clerk.

"The Deputy Clerk: Yes, sir.

"The Court: To count one.

"The Deputy Clerk: Ernest Mark High, in Criminal case No. 949–59, in which you are charged with contempt of the House of Representatives [*sic*], refusal to testify, you wish to withdraw your plea of not guilty heretofore entered and enter a plea of guilty to count one of the indictment?

"The Defendant: I do.

"The Court: Is the defendant in custody or on bond?

"Mr. Madden: No, Your Honor. He is on bond and I would ask that he be permitted to remain on bond until the time of sentencing.

"Mr. Hitz: No objection, Your Honor.

"The Court: Let him remain on bond and let the matter be referred to the probation officer for presentence investigation.

"Mr. Madden: Thank you, sir.

"The Defendant: Thank you, sir."

High was sentenced June 3, 1960, to five months' imprisonment and was fined $500. June 10, one week after sentence, he filed a motion "to vacate sentence and for leave to withdraw plea of guilty." On June 24, Judge Morris, after hearing evidence and argument of counsel, denied the motion. This appeal is from that order of denial.

Rule 32(d), Federal Rules of Criminal Procedure, 18 U.S.C.A.,[1] provides that a motion to withdraw a plea of guilty may be made *only* before sentence is imposed. To be sure, the court after sentence *may* set aside the judgment of conviction and permit the defendant to withdraw his plea, but only to correct manifest injustice; the Rule does not in terms permit the defendant to invoke that action by motion.

There is reason in the Rule. Before sentence, the court has not acted on the plea of guilty and for any good reason may permit its withdrawal. The imposition of sentence gives finality to the plea of guilty and there is then a judgment of conviction; at that point a motion to withdraw the plea of guilty would be inappropriate because the plea has merged in the judgment. It may well be doubted, therefore, whether appellant's motion, made after sentence, was authorized by the Rule.

Judge Morris passed on the motion, however, so we turn to a consideration of the appeal from his ruling. His determination was in effect that there had been no manifest injustice which required correction. As that is the only

---

1. Rule 32(d) is as follows:

"(d) Withdrawal of Plea of Guilty. A motion to withdraw a plea of guilty or of *nolo contendere* may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

ground upon which the trial judge may act after sentence, it is at once apparent that decisions dealing with motions made before sentence have no application. The question simply is whether Judge Morris abused his discretion in deciding manifest injustice did not appear.

Appellant alleged in his motion of June 10 that he "has a valid legal and factual defense" to the charge to which he had entered a plea of guilty on February 26, 1960. It will be remembered that on October 30, 1959, he had entered a plea of not guilty to this charge, doubtless having in mind the same defense he now desires to assert. But on February 26, 1960, appellant abandoned his plea of not guilty. He asserted under the careful questioning of the court, which is reproduced earlier in this opinion, that having been duly summoned to appear and testify before the Committee, he had unlawfully failed and refused to do so.

■ Appellant's plea of guilty was, he said, made freely, voluntarily and understandingly, with full knowledge of the consequences. He is not an ignorant, illiterate person; on the contrary, he is a publisher, educated and intelligent. Moreover, he was represented by skilled counsel of his own selection. The court was justified, we think, in concluding, from circumstances which will be mentioned hereafter, that his desire to withdraw the guilty plea was due solely to the fact that, contrary to his hope and expectation, a jail sentence was imposed. On these considerations, we hold Judge Morris acted within his legal discretion in denying the motion of June 10 on the ground that manifest injustice did not appear.

Another phase of the matter remains to be discussed. In the formal motion of June 10, High made the following allegation:

"That prior to imposition of the sentence herein, defendant, through counsel, orally moved for permission to withdraw said plea of 'guilty', and among the grounds for such motion urged that defendant was

'not guilty' of the offense charged, and that defendant desired to withdraw such plea."

This statement in the post-sentence written motion was intended, we suppose, as a basis for showing that there was pending a pre-sentence oral motion upon which the court should rule. Much of the evidence presented on June 24, in the hearing on the post-sentence motion, was directed to the question whether the appellant actually had made a pre-sentence motion, or had merely informally discussed with the judge what his attitude would be if such a motion were presented.

Regardless of whether the remarks of appellant's counsel at a pre-sentence conference amounted to a motion to withdraw the plea, Judge Morris did not consider them to be such, and entered no order with respect to the alleged motion. If the judge's informal indication that he would deny such a motion if it were filed be treated as an order of denial, it is not before us because no appeal was taken. The appeal here is only from the order denying the post-sentence motion which did not state the court had ruled on the alleged pre-sentence motion, either formally or informally. Nor has the appellant asked us to require the District Court to rule on the pre-sentence motion, if there was one. Consequently, we think it unnecessary to discuss the question whether a pre-sentence motion to withdraw the plea was actually made. If it was made and if it was denied, and if the notice of the present appeal were sufficient to bring the denial before us for review, our decision would not be different.

■ We are not much concerned as to whether High's counsel made a "request" or a "motion" before sentence to withdraw the plea of guilty, although we are inclined to think it was the former. We think it more important to determine whether the request or motion was made because High had a defense to the charge or merely because he had learned a jail sentence would be imposed. If it was made because he had a defense, the Gear-

hart case[2] indicates, although it does not hold, that permission should be rather freely granted; but even then it remains discretionary with the District Court whether to permit the guilty plea to be withdrawn. If the motion was made only because the accused had learned that, contrary to his expectation, he would receive a jail sentence, we think the trial judge was acting within his discretion in denying the request or motion.

With that in mind, we examine the evidence introduced June 24 in the hearing on the post-sentence motion, which contained many references to the presentence proceedings.

Judge Morris held a pre-sentence conference in his chambers on May 13, 1960, at which attorneys for the parties and the chief probation officer were present. The judge indicated he intended to impose a fine of $500 and in addition a jail sentence of six months, unless the suggestion of defense counsel that incarceration would be dangerous to High's life were borne out by a medical examination. In order to obtain such an examination, the judge revoked bond, committed High to D. C. General Hospital, and set the sentencing day to June 3.

During the morning of June 3, Judge Morris held in chambers another pre-sentence conference at which both attorneys were present, and during which there was discussion of the Hospital's report that confinement in jail would not necessarily jeopardize High's life. The judge stated he would credit High with the three weeks in the hospital and would impose a jail sentence of five months instead of the six months' sentence he had originally contemplated.

Mr. Madden stated that, after the morning conference of June 3, he told High the judge intended to impose a jail sentence. Thereupon High instructed his attorney to attempt to get his plea of guilty withdrawn; he said, "Get in there and make the motion." About 2:00

o'clock in the afternoon of that day, before sentencing, another conference was held in chambers. Mr. Madden pressed his request to withdraw the plea, basing it on the medical report. Judge Morris described the conference as follows:

"There was a discussion by Mr. Madden that the plea of guilty should be withdrawn, and he asked me if that could be done, and I told him I wouldn't favor such action because nothing had been said to me except that incarceration would jeopardize his life, and it was for that reason that he had resisted the imposition of the sentence that we had discussed, and I didn't think that a change of plea on the basis of the hospital report would be justified.

"That's substantially what took place. There was no motion made in the sense of a formal motion; no action by me other than this statement that I made that I would not favor it."

Mr. Madden said, with respect to the request he characterized as a motion to withdraw the plea of guilty, "Mr. Hitz, if you are asking me, would the motion have been made had it not been made clear that Mr. High was facing a jail term, I don't think the motion would have been made. * * *"

Following the afternoon conference in chambers, in a formal proceeding in the courtroom the judge pronounced sentence. No motion to withdraw the plea of guilty was made in that proceeding. Mr. Madden's representation of High terminated after sentence. The post-sentence motion was filed by newly-retained counsel.

■ The foregoing may be summarized thus: High's counsel learned at the morning conference that the court still intended to impose a jail sentence. Counsel reported that fact to High and was told to "Get in there and make the motion." Accordingly, he appeared at the afternoon conference and pressed his request or motion. He was candid in

2. Gearhart v. United States, 1959, 106 U.S.App.D.C. 270, 272, 272 F.2d 499.

saying that, but for the impending jail sentence, the request or motion would not have been made. We conclude the pre-sentence attempt to withdraw the plea of guilty was dictated by High's desire to escape a jail sentence. The trial judge was justified, we think, in refusing the pre-sentence request for relief, on the ground that the hospital report did not warrant it.

Affirmed.

EDGERTON, Circuit Judge (dissenting).

At the final presentence conference on the afternoon of June 3, appellant's trial counsel Mr. Madden asked permission to withdraw the plea of guilty. At a hearing on the postsentence motion to vacate sentence and withdraw the plea the judge said of the final presentence conference: "There's no doubt about it, he was anxious to get me to agree that I would permit a change of plea, and I did not agree to that * *." Chief Probation Officer Garrett, a government witness, testified that when he arrived at the presentence conference the judge (1) "announced that Mr. Madden had come to him and asked him about withdrawing the plea of guilty"; (2) "stated * * * that Mr. Madden was asking that he be permitted to withdraw the plea of guilty, and the Judge had indicated that he didn't think that that was appropriate under the circumstances"; and (3) "said in a somewhat surprised voice that Mr. Madden was there asking that the plea be withdrawn." In response to a question whether the judge said he was denying a motion or request, or that he would not grant one if made, Mr. Garrett replied that he could not answer but he added "the Judge did say he was not going to let Mr. Madden change that plea to not guilty, that we were going ahead with the sentence."

I think counsel's request at the presentence conference was "an application to a court for an order" and should therefore have been considered a motion.

Perry v. United States, 90 U.S.App.D.C. 186, 188, 195 F.2d 37, 39.

Mr. Madden says in his affidavit that he "argued the motion on the ground that for the first time he had definite medical proof available which would constitute a defense to the indictment." He testified that he repeatedly said at the presentence conference that the significance of the medical report was its indication that witnesses had become available who would testify about appellant's condition at the time of the offense, whereas when he had advised a plea of guilty he was "faced with the prospect of having no decent medical evidence available to use". Mr. Garrett was asked whether counsel referred to the medical report during the presentence conference. He replied: "I believe Mr Madden stated to the Judge that he felt there was information in the medical report which could now be used as a defense for the defendant." The judge himself indicated at the postsentence hearing that he had understood, at the presentence conference, that the prospect of a jail sentence was not the only reason for wishing to change the plea. He said " * * * it was after that [the medical examination] that Mr. Madden discussed with me that if he had known certain of the facts that he said was revealed by that examination, he would not have advised Mr. High to make the plea of guilty; and he made inquiry of me how I thought it would be to withdraw the plea of guilty, and I told him I did not think it was a proper thing to do in the circumstances, after we had discussed the question of what the sentence would be, and the whole question was whether or not he should be incarcerated * * *." The judge also said: "It was more of a statement by Mr. Madden to the effect that had he known what had developed by this examination to be the case, he would not have advised Mr. High to plead guilty."

I think it unimportant that the prospect of a jail sentence was one of the new developments and one of the reasons for

the presentence request to withdraw the guilty plea. It is undisputed that another new development and another reason for the request was that a medical defense had newly become available. I think this made the request so plainly meritorious that the court ·abused its discretion in failing to grant it and let the defendant go to trial. Gearhart v. United States, 106 U.S.App.D.C. 270, 272 F.2d 499. Cf. Poole v. United States, 102 U.S.App.D.C. 71, 250 F.2d 396.

I think the question is before us. The presentence request was one stated ground of the postsentence motion. As this court recognizes, "Much of the evidence presented on June 24, in the hearing on the postsentence motion, was directed to the question whether the appellant actually had made a pre-sentence motion, or had merely informally discussed with the judge what his attitude would be if such a motion were presented." The trial judge must have determined that the presentence application was not a motion or that, if it was, he should deny it. In either case I think his disposition of the presentence request is presented on appeal from the only order he entered. I also think his failure to grant the presentence request was "manifest injustice", to correct which the postsentence motion should have been granted under Rule 32(d), F.R. Crim.P.