James E. HAWK, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18598.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 7, 1964.

Decided Dec. 10, 1964.

5. The adjusted figures for Northwest as computed by the Board are as follows:

| Item | System | Domestic | International |
|---|---|---|---|
| Adjusted Investment | $26,400,000 | $18,229,000 | $ 8,171,000 |
| Adjusted Net Income | $ 2,700,458 | $ 3,030,020 | $ —329,562 |
| Domestic earnings required to provide 7 percent on recognized int'l. investment | ..... | —901,532 | 901,532 |
| Adjusted Net Income, After Offset | $ 2,700,458 | $ 2,128,488 | $ 571,970 |
| Return on Adjusted Investment | 10.23% | 11.68% | 7.00% |

Mr. Thomas H. Truitt, Washington, D. C., with whom Mr. Robert L. Ackerly, Washington, D. C. (both appointed by this court) was on the brief, for appellant.

Mr. John A. Terry, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker and William H. Collins, Jr., Asst. U. S. Attys., were on the brief, for appellee. Mr. Daniel J. McTague, Asst. U. S. Atty., also entered an appearance for appellee.

Before FAHY, DANAHER and McGOW-AN, Circuit Judges.

DANAHER, Circuit Judge.

This appellant and four other young men were charged in a 10-count indictment with carnal knowledge of a fourteen-year-old girl.[1] One Balenger pleaded not guilty, and his trial commenced on the afternoon of February 26, 1964. Earlier that day, this appellant and three co-defendants were permitted to enter pleas of guilty to assault with intent to commit carnal knowledge as a lesser included offense under a single count,[2] but only after the judge had conducted a detailed inquiry as required by Rule 11, FED.R.CRIM.P. On March 11, 1964 and before sentence, this appellant moved to withdraw his plea of guilty. On March 25, 1964, appellant joined two of his co-defendants in filing a second motion to

---

1. D.C.CODE § 22–2801 (1961).

2. The prosecutor stated that at the time of sentence he would move to dismiss the remaining counts. That step was taken April 10, 1964 when appellant was sentenced to serve two to six years. At sentence, as when appellant pleaded guilty, he was represented by counsel appointed by the District Court.

withdraw their pleas of guilty. Both motions alleged [3] that the prosecutrix in the Balenger trial had testified to "what she had been told to say" by the prosecutor. The Government on April 6, 1964 filed its "Opposition," but entered no denial of such allegations, contending rather that no "valid reason" had been shown for granting the motions. The following day, without a hearing, the judge denied the appellant's motions. That ruling is now challenged.

This appellant had entered his guilty plea in the presence of his counsel, whom he described in his motion as "very competent." The judge before receiving that plea had meticulously questioned the appellant and his co-defendants and required the personal and individual answers of each accused to every question.[4] Among the questions was this: "Are you entering these pleas of guilty voluntarily and of your own free will because you are guilty and for no other reason?" Appellant answered "Yes, sir."

Appellant argues that Rule 32(d), FED.R.CRIM.P. contemplates that the District Judge will apply a standard of what is "fair and just" in ruling upon a presentence motion to withdraw a guilty plea. Our acceptance of that statement in the abstract would not compel a conclusion that the judge had here abused his discretion if we were to assay his ruling only in terms of the material which had been set out in the Government's Opposition.[5]

But counsel appointed by this court has developed a phase which disturbs us and of which we will now treat. The Government's Opposition to the appellant's motions was filed on April 6, 1964, but was not served upon trial counsel. Rule 49(b), FED.R.CRIM.P. provides for service upon *the attorney* for an adverse party of papers required to be served pursuant to Rule 49(a). The certificate of service shows that the Government's Opposition was *mailed* to the *appellant* "c/o D. C. Jail" on April 6, 1964. The judge without a hearing denied appellant's motions on April 7, 1964. There is nothing to show that the appellant's trial attorney had notice of what the Government was contending in its Opposition, that the Government had failed to controvert the serious allegations of the appellant's *pro se* motions, or even that the Opposition so mailed had actually been delivered to the appellant himself before the judge had acted.

The Government's Opposition stated that "the real basis of their requested withdrawal [of the guilty plea] is due to the dismissal of the charges entered in the Balenger case." That case had been dismissed, the Opposition set out, "due to illness on the part of the complaining witness,"[6] but that is not what the transcript shows.

Appellant's trial counsel had not participated in the Balenger trial. There is no basis upon which to hold that he had waived his client's right to press for a resolution of an issue of which he had no notice. There is no reason to assume that on April 7, 1964 when the motions.

---

3. Additionally, this appellant essentially claimed that the testimony of the prosecutrix before the Grand Jury was perjurious and that she testified "to what she had been told to say by one United States Attorney"; that the appellant had pleaded guilty "in fear of the time he could get if found guilty by a jury"; that his plea had been "entered in bad faith"; and that he was not guilty and "feels would he be allowed to proceed to trial he would be acquitted of said charge" under Rule 29(a).

4. The questions in substance followed those outlined in Everett v. United States,

119 U.S.App.D.C. ——, 336 F.2d 979 (1964).

5. Compare the rulings discernible from the cases collected in Judge Burger's exhaustive opinion in Everett v. United States, *supra* note 4; and see High v. United States, 110 U.S.App.D.C. 25, 288 F.2d 427, cert. denied, 366 U.S. 923, 81 S.Ct. 1350, 6 L.Ed.2d 383 (1961).

6. We do not assume that the Government intentionally misrepresented the fact; rather we may deduce that the prosecutor thus phrased his recollection of the earlier occurrence.

were denied,[7] or on April 10, 1964 when sentence was pronounced, the judge either did or could recall what the prosecutor had said on February 27, 1964 when he moved to dismiss the indictment as to Balenger. The fact remains that error crept into the record as may be seen from the Balenger trial transcript now at hand.[8]

The young girl testified that she had been threatened but "not by him" [Balenger]; that she had been hit, but by "somebody else." When the Balenger trial was resumed, the prosecutrix did not appear in court nor did the girls who had been with her at the party.

Then on February 27, 1964, the prosecutor stated:

"Since Your Honor recessed the case last night, I have talked to several of the witnesses in the case who have indicated that Miss Graves, the complaining witness, made certain statements to them indicating that she was not sure as to whether this defendant, Joe Balenger, actually had intercourse with her or not. She has not shown up this morning, none of the Lyda girls have shown up this morning. I contacted the mother of the complaining witness, Bonnie Graves. She indicates she is unavailable, that she will not appear, and that the Lyda girls also will not appear in court.

"So on that basis the Government will move to dismiss the case against the defendant Balenger." [9]

The Government's Opposition had concluded that for the reasons advanced "and for such other reasons as may be urged at the time of hearing" the appellant's motions to withdraw his plea of guilty should be denied. Clearly the Government had contemplated that a hearing be held. It may be that at such a hearing the Government intended to put in issue the appellant's contentions that the testimony of the complaining witness before the Grand Jury was perjurious and that she had testified merely "to what she had been told to say" by the prosecutor. We can not know what position trial counsel might have taken had he been served with the copy of the Government's Opposition to the appellant's motions, so summarily denied as we have indicated. We are satisfied that plain error has appeared, for a hearing should have been conducted in view of such allegations.[10]

Granting that such a request may often be viewed liberally, it does not here follow that the appellant is entitled to be permitted to withdraw his plea of guilty and to go to trial. The plea of guilty as originally entered under circumstances as they then appeared was a solemn act. Such a plea is itself a conviction, and when one so pleads, "he may be held bound." [11] Even so, when it shall appear that a plea of guilty although to a much less serious charge shall have "been unfairly obtained or given through ignorance, fear or inadvertence" or "*if for any reason* the granting of the privilege seems fair and just," (emphasis added) the District Judge in the exercise of his discretion may permit the ac-

---

7. The Government on brief points out that the record "does not indicate one way or the other whether the court even considered appellee's newly filed opposition in ruling on appellant's two motions."

8. That transcript was not filed in the District Court until July 24, 1964.

9. The prosecutor: "I understand the defendant Balenger is agreeable, if neces-

sary, to testify against any other defendants in the case if it becomes necessary."

10. Certainly the Government is not entitled to prevail if its case rests upon perjured testimony. *Cf.* Mesarosh v. United States, 352 U.S. 1, 9, 77 S.Ct. 1, 1 L.Ed.2d 1 (1956).

11. *Cf.* Kercheval v. United States, 274 U.S. 220, 224, 47. S.Ct. 582, 71 L.Ed. 1009 (1927).

cused to substitute a plea of not guilty and go to trial.[12]

Unless after the hearing which we direct the District Judge shall conclude that the appellant has established grounds for the withdrawal of his plea, the conviction will stand.

Remanded for further proceedings consistent with this opinion.

FAHY, Circuit Judge (concurring):

I concur in the remand for a hearing, though I think the preferable procedure in that connection would be to reverse and vacate the sentence pending the result of the remand. I also concur in the opinion of the court regarding the circumstances incident to the phase of the case which the opinion states was developed by counsel this court appointed.

I add the following on the general problem of permitting withdrawal of a guilty plea, as applicable to this particular case.

In 1927 the Supreme Court said:

"The court in exercise of its discretion will permit one accused to substitute a plea of not guilty and have a trial if for any reason the granting of the privilege seems fair and just. Swang v. State, 2 Cold W. (Tenn.) 212; State v. Maresca, 85 Conn. 509; State v. Nicholas, 46 Mont. 470, 472; State v. Stephens, 71 Mo. 535; People v. McCrory, 41 Cal. 458, 461; State v. Coston, 113 La. 717, 720; Bishop's New Criminal Procedure, § 747."

Kercheval v. United States, 274 U.S. 220, 224, 47 S.Ct. 582, 583 (1927).[1] Our case of Poole v. United States, 102 U.S.App. D.C. 71, 75, 250 F.2d 396, 400 (1957), referred to Kercheval and other authorities. We there said:

"Leave to withdraw a guilty plea prior to sentencing should be freely allowed."

We relied in part upon our earlier case of McJordan v. Huff, quoting from it as follows:

"As we said in McJordan v. Huff, 1943, 77 U.S.App.D.C. 171, 172, 133 F.2d 408, 409: ' * * * it goes without saying that a plea of guilty at that time [arraignment] can be and often is changed, on proper motion, *as a matter of course.*'" (Emphasis added by Poole court.)

The court's opinion also refers to our more recent case of Everett v. United States, 119 U.S.App.D.C. ——, 336 F.2d 979 (1964) (in which Judge Wright dissented). In *Everett* the accused at the hearing on the motion to withdraw his plea of guilty stated to the court, "I am guilty of that charge. I did attempt to rob this place. That's all." In these circumstances the court denied the motion. More importantly in relation to the present case the court granted Everett's motion to withdraw his guilty plea to a different count as to which he maintained his innocence, as Hawk does in this case.[2]

The question is not answered by the fact that the guilty plea was validly entered. The right to withdraw such a plea

12. *Ibid.* And the burden of establishing grounds for withdrawal of the plea shall rest upon the accused. Everett v. United States, *supra* note 4.

1. The court's opinion refers to the statement in *Kercheval* that a plea of guilty is itself a conviction and when one so pleads "he may be held bound." The Court said this in the course of holding that since the guilty plea had been withdrawn it could not be admitted on the issue of guilt on the trial which occurred after a not guilty plea had been substituted for the guilty plea. Accordingly, the guilty plea binds the accused only if he

has been validly refused permission to withdraw it, the very question to be decided in this case.

2. The court's opinion also refers to High v. United States, 110 U.S.App.D.C. 25, 288 F.2d 427, cert. denied, 366 U.S. 923, 81 S.Ct. 1350 (1961). There the motion to vacate the sentence and to withdraw the plea of guilty was filed after sentence. Such a motion is governed by more stringent requirements then one filed before sentence. See Rule 32(d) Fed.R. Crim.P. In any event there was no assertion of innocence by High, as there was by Hawk in this case.

is not conditioned upon its invalidity. The question is whether, notwithstanding its validity when entered, the court should, in the exercise of that sound discretion applicable to this problem, permit it to be changed. In answering the court should give weight to the place trial by jury is accorded in our system of administering criminal justice. On the background of this fundamental right the courts give generous latitude to an accused who wishes to go to trial rather than to adhere to a plea of guilty previously entered.

It is probably true that appellant was motivated at least in part by the circumstances that after he entered his plea of guilty the victim of the assault, of which he and others were accused, had failed at the trial of a codefendant to testify the latter had actually committed the crime of which both were charged. As the court's opinion points out, the complaining witness became unavailable to testify in that trial, resulting in dismissal of the case on the prosecutor's motion. From these circumstances appellant may have concluded that if he went to trial the result would be the same, thus freeing him. But this motivation does not require denial of the motion, especially in light of appellant's contention that the complaining witness perjured herself. Moreover, other factors were before the court. The guilty plea by Hawk was to a lesser offense than the indictment charged.[3] It was not an admission that he was guilty of the more serious offense he states in his motions he did not commit, and for which he was willing to be tried. In asserting his innocence he alleges that he entered the plea because he was afraid of the sentence he would receive if found guilty by a jury. He said the plea was made in "bad faith." He also alleges that he was under the impression he was pleading to a misdemeanor, but subsequently discovered that his plea was to a felony. When his mo-

tion to withdraw the guilty plea was denied and he was about to be sentenced he stated again to the court that he was innocent of the charge and wished to withdraw his plea.

---

3. Should the motion to withdraw the guilty plea be granted there is the possibility appellant may be faced with the more serious charges contained in the counts

dismissed. I intimate no opinion on any question with which the courts might be confronted by reason of this possibility.