**Richard H. TIVIS, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. CA–5–561.**

United States District Court
N. D. Texas,
Lubbock Division.

Jan. 31, 1969.

See also D.C., 302 F.Supp. 579, D.C. 302 F.Supp. 581.

Richard H. Tivis, pro se.

No attorney for respondent.

## ORDER

WOODWARD, District Judge.

Petitioner, Richard H. Tivis, seeks leave to file a petition for writ of habeas corpus in forma pauperis. Leave to file is granted, in this Court only.

The petitioner was convicted upon his plea of guilty in, 302 F.Supp. 581 and was sentenced to 10 years imprisonment on April 29, 1968. By his application the petitioner seeks to attack the judgment of conviction and sentence imposed on the ground that there was a fatal variance between the "back plate numbers" shown on the original warrant and complaint and the "back plate numbers" alleged in the indictment.

By his petition, the petitioner admits that he pled guilty to the indictment and admits that he is not contesting the voluntariness of his plea. A plea of guilty waives all nonjurisdictional defects in an indictment. Litton v. Beto, 386 F.2d 820 (5th Cir. 1967); Hornbrook v. United States, 216 F.2d 112 (5th Cir. 1954); United States v. Gallagher, 183 F.2d 342 (3rd Cir. 1950). The variance, if any, between the "back plate numbers" of the bills alleged in the warrant and complaint and the "back plate numbers" alleged in the indictment is not a fatal variance and is not a defect affecting jurisdiction. (42 C.J.S. Ind. & Inf. § 309, p. 1341)

Therefore, the Court finds that the petitioner's plea of guilty in Cause No. CR–5–146 waived any defect presented by the alleged variance in the "back plate numbers", and finds that petitioner's application fails to raise any jurisdictional question.

It is, therefore, ordered that petitioner's application for writ of habeas corpus is hereby denied.

The Clerk will furnish a copy of this order to the Petitioner.