**UNITED STATES of America**

v.

**Richard Hoyt TIVIS.**

**No. CR–5–146.**

United States District Court
N. D. Texas,
Lubbock Division.

April 4, 1969.

See also D.C., 302 F.Supp. 578, D. C., 302 F.Supp. 579.

**582**

No attorney for plaintiff.

Richard Hoyt Tivis, pro se.

ORDER

WOODWARD, District Judge.

On the 30th day of January, 1969, the petitioner, Richard Hoyt Tivis, filed a Motion to Withdraw Plea of Guilty under Rule 32(d), Federal Rules of Criminal Procedure. This is the petitioner's second attack on his April 29, 1968, conviction in Cr. 5–146 wherein the petitioner was convicted by this Court upon his plea of guilty to the felony offense of possession of counterfeit notes.

On January 31, 1969, the petitioner filed an application under Section 2255 of Title 28, United States Code, seeking to set aside and vacate the judgment and sentence imposed by this Court in Cr. 5–146. By that application the petitioner expressly stated that he was not contesting the voluntariness of his plea of guilty. Quoting from his application:

"On April 1, 1968 Petitioner was returned from the Federal Correctional Institution at La Tuna, where he was serving a sentence on a related charge, on a writ of Habeas Corpus Ad Prosequendam & following arraignment & various consultations with his attorneys was induced to enter a plea of guilty on 4/29/68 to count eight of the indictment. The inducements were that the other counts in the indictment would be dismissed, a promise of a lesser sentence & that the sentence would be made to run concurrent with the existing sentence. *The induced plea is not here under attack.*" (Emphasis added.)

The thrust of the petitioner's 2255 attack was directed toward an alleged "fatal variance" between the "back plate numbers" of the bills alleged in the warrant and complaint and the "back plate numbers" alleged in the indictment.

On the 31st day of January, 1969, this Court, 302 F.Supp. 578, entered its order denying the petitioner's § 2255 application on the ground that the variance, if any, was not a fatal variance and was not a defect affecting jurisdiction, and further, that the petitioner's plea of guilty waived all non-jurisdictional defects.

Since the petitioner expressly waived any consideration of the voluntariness of his plea, the Court found it unnecessary to review and determine such issue.

By his present motion to withdraw his plea of guilty, the petitioner is attempting to raise the issue concerning the voluntariness of his plea of guilty. Although the petitioner may have deliberately bypassed his remedy by expressly waiving consideration of this issue in his § 2255 application, this Court will consider his present motion.

Rule 32(d) provides as follows:

"* * * to correct *manifest injustice* the court *after sentence* may set aside the judgment of conviction and permit the defendant to withdraw his plea." (Emphasis supplied.)

Although it has been held that a court should liberally consider requests to withdraw guilty pleas filed *prior* to judgment and sentence, Kirshberger v. United States, 392 F.2d 782 (5th Cir. 1968); De Leon v. United States, 355 F.2d 286 (5th Cir.1966), *after* sentence has been imposed, a court may set aside a judgment of conviction and permit a defendant to withdraw his plea of guilty only "to correct manifest injustice". Sullivan v. United States, 348 U.S. 170, 75 S.Ct. 182, 99 L.Ed. 210 (1954); Pinedo v. United States, 347 F.2d 142 (9th Cir.1965); Edwards v. United States, 103 U.S.App.D.C. 152, 256 F.2d 707 (1958); United States v. Swaggerty, 218 F.2d 875 (7th Cir.1955); Carter v. United States, 224 F.2d 563 (5th Cir. 1955).

■ Furthermore, a defendant moving to withdraw his plea must allege and prove that "manifest injustice" will result if his motion is not granted. United States v. Washington, 341 F.2d 277 (3rd Cir.1965); Hawk v. United States, 119 U.S.App.D.C. 267, 340 F.2d 792 (1964); Watts v. United States, 107 U.S.App.D.C. 367, 278 F.2d 247 (1960); United States v. Shneer, 194 F.2d 598 (3rd Cir.1952). In this respect, the movant under Rule 32(d) should be held to the same burden of pleading as a petitioner seeking relief under § 2255. That is, he should be required to plead sufficient facts in support of his allegations to raise a question as to whether or not manifest injustice will result from a denial of his motion.

■ In certain respects a motion under Rule 32(d) is broader than a motion under § 2255 since "manifest injustice" may result from irregularities or defects which would not reach constitutional magnitude and which would not be cognizable under § 2255 or by way of habeas corpus. United States v. Kent, 397 F.2d 446 (7th Cir.1968); United States v. Washington, *supra*; Pilkington v. United States, 315 F.2d 204 (4th Cir. 1963).

■ However, although the grounds for relief cognizable under Rule 32(d) may be broader than under § 2255, the petitioner-movant must allege sufficient facts in support of his grounds for relief to warrant a hearing. As under § 2255 if the petitioner's motion alleges facts which, if true, would entitle him to relief, the Court must hold a plenary hearing. And correspondingly, if the petitioner fails to allege sufficient facts to raise a fact question, or presents only conclusionary allegations, or if the record conclusively demonstrates that the petitioner is not entitled to relief, then no hearing need be held, and the motion may be denied. Aeby v. United States, 409 F.2d 1 (5th Cir.March 25, 1969); Smith v. United States, 252 F.2d 369 (5th Cir.1958).

By his motion to withdraw his plea of guilty, the petitioner has alleged one basic ground for relief—that his plea of guilty was not voluntarily made, but was the *product of negotiation*, coercive advice of counsel and psychological persuasion by petitioner's counsel acting by and through his wife.

■ These conclusionary allegations are clearly insufficient to justify relief or to raise a fact issue upon which a hearing should be held. Accordingly, the petitioner's motion should be denied without a hearing.

The petitioner's Motion for Determination of Fact and Issue which was filed in conjunction with his Rule 32(d) motion should likewise be denied without a hearing.

It is therefore Ordered that the petitioner's Motion to Withdraw Plea of Guilty and Motion for Determination of Fact and Issue are hereby denied.

The Clerk will send copies of this order to the petitioner and the attorney for the respondent.