OPINION
On September 14, 2000, the Richland County Grand Jury indicted appellant, Freeman Swank, Jr., on one count of vandalism in violation of R.C. 2909.05. On September 26, 2001, appellant pled no contest to the reduced charge of criminal damaging in violation of R.C. 2909.06. The trial court reserved a finding on the plea pending appellant's completion of a diversion program. Appellant was accepted into a diversion program on September 28, 2001.
On October 19, 2001, appellee, the State of Ohio, filed a notice claiming appellant violated the terms of the diversion program. Appellee sought to reactivate the case, find appellant guilty and proceed with sentencing. On November 26, 2001, appellant filed a motion to withdraw his plea pursuant to Crim.R. 32.1. A hearing was held on January 7, 2002. The trial court denied appellant's motion. By judgment entry filed February 4, 2002, the trial court found appellant guilty and sentenced him to a suspended five day jail term, ordered restitution in the amount of $1,057.60 and imposed a fine of $500.00.
Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN REFUSING TO GRANT APPELLANT'S MOTION TO WITHDRAW HIS PLEA OF NO CONTEST AS PERMITTED BY RULE 32.1 OF THE OHIO RULES OF CRIMINAL PROCEDURE AFTER HE WAS TERMINATED FROM THE RICHLAND COUNTY PROSECUTOR'S OFFICE DIVERSION PROGRAM."
 I
Appellant claims the trial court erred in not permitting him to withdraw his no contest plea pursuant to Crim.R. 32.1. We disagree.
Crim.R. 32.1 governs withdrawal of guilty plea and states "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The right to withdraw a plea is not absolute and a trial court's decision on the issue is governed by the abuse of discretion standard. State v. Smith (1977), 49 Ohio St.2d 261. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. Generally, a motion to withdraw a plea prior to sentence should be "freely allowed." Poole v. United States (C.A.D.C. 1957), 250 F.2d 396, 400. In Kadwell v. United States (C.A.9, 1963),315 F.2d 667, the United States Court of Appeals Ninth Circuit explained the following at 670:
 "Before sentencing, the inconvenience to court and prosecution resulting from a change of plea is ordinarily slight as compared with the public interest in protecting the right of the accused to trial by jury. But if a plea of guilty could be retracted with ease after sentence, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe. * * * The result would be to undermine respect for the courts and fritter away the time and painstaking effort devoted to the sentencing process." (Footnote omitted.)
On September 26, 2001, appellant entered a "no contest" plea to a reduced charge. The trial court specifically reserved entering a finding on the plea pending appellant's completion of a diversion program. On September 28, 2001 appellant was accepted into a diversion program. Thereafter, on October 19, 2001, appellee filed a notice claiming appellant violated the terms of the diversion program. Appellee sought to reactivate the case, find appellant guilty and proceed with sentencing. On November 26, 2001, appellant filed a motion to withdraw his no contest plea pursuant to Crim.R. 32.1, claiming "Defendant has informed his counsel that he felt rushed into entering a plea and, upon reflection, has decided that the plea was not intelligently and knowingly made."
During the hearing on the motion to withdraw, appellant further explained his lack of participation in the diversion program as follows:
 "All I understand is I did not sign this diversion agreement in the presence of an attorney and I objected to it and I requested to see it before the hearing. I was not entitled to see it before the hearing, and if I had seen it before I would have never entered that plea that day." T. at 16.
Appellant further stated "[i]f I had ever expected that I would be in this situation today I would have never, ever agreed to this, but I did, there is no reason to it, for one day. I wish I would have never agreed to it, but if I have to say I'm sorry, I think I've said that before to these people." T. at 26.
As appellant freely admitted, he regretted accepting the plea bargain and the diversion program and did not believe he had done anything with "criminal intent."[1] The trial court found no reason to permit the withdrawal and found the plea was "done knowingly and intelligently." T. at 12. Essentially, the trial court found appellant's change of heart was an insufficient reason to grant the motion.
We are cognizant that appellant had not actually been sentenced prior to the motion. We find that by accepting the diversion program as a condition of a reduced sentence with the ultimate result being a dismissal of the charge is tantamount to the trial court sentencing appellant. This fact situation places appellant's Crim.R. 32.1 motion in a different light than the customary withdrawal of a plea prior to a sentencing hearing. We find no evidence of abuse of discretion by the trial court in denying the motion to withdraw the plea.
The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.
By FARMER, J. GWIN, P.J. and EDWARDS, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed.
[1] The genesis of this case is a neighborhood land dispute that originated with previous owners and has carried forward to present day.