STELLA ANONIK *vs.* GODEL OMINSKY.

Hampden.   September 22, 1927. — October 14, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Evidence*, Competency, Of offer to compromise, Of value.   *Practice, Civil*, Charge to jury.   *Witness*, Redirect examination.

Evidence at the trial of an action of tort for deceit in the sale of real estate, that the defendant had stated to one who had acted as an agent in negotiations leading to the sale, "If there will be no bother I will give $1,000 to that woman [meaning the plaintiff]," was not admissible as evidence of an admission of liability by the defendant, since the words did not go beyond an expression of willingness to buy peace by a payment.

An instruction to the jury at the trial above described, in substance that, if the words used meant that in order to buy his peace from litigation the defendant would give $1,000, they were not evidence to be used against him, but if, on the other hand, the defendant meant to say "I would give a thousand dollars to settle that case," such a statement would be some evidence which the jury would have a right to use on the question of his liability to the plaintiff, was prejudicial error in that it permitted the jury to give to the statement the effect of an admission of liability.

At the trial of an action of tort for deceit in the sale of real estate, the value of the real estate was in issue.   In cross-examination of an expert called by the plaintiff, he was asked if he did not get his figures for his valuation from the assessors and answered, "No; it would have been lower than that had I taken their figures."   The defendant moved that all of the answer after the word "No," be struck out.   Subject to his

exception the motion was denied. In redirect examination, the witness, subject to further exception by the defendant, was permitted to answer "Yes" to the question, "Was the assessor's figure that you found out less than this figure that you came to the conclusion was the fair market value?" *Held,* that the exception must be overruled although the assessor's valuation was inadmissible *per se,* the testimony being proper, in view of the question on cross-examination, to show fairness on the witness's part in reaching his estimate of value.

TORT for deceit. Writ dated June 2, 1923.

In the Superior Court, the action was tried before *Callahan,* J. Material evidence and exceptions by the defendant are described in the opinion. The expert witness referred to in the opinion was called by the plaintiff. The defendant alleged exceptions both to the denial of his motion to strike out part of the witness's answer in cross-examination and to the admission of the answer to the question in direct examination, described in the opinion.

There was a verdict for the plaintiff in the sum of $4,275. The defendant alleged exceptions.

*R. P. Stapleton,* for the defendant.

*G. F. Leary,* for the plaintiff, submitted a brief.

WAIT, J. This is an action for deceit in the sale of real estate. There was evidence that statements by the defendant in regard to the rents received by him were false. He denied that he made the statements.

The plaintiff offered to show that, about six months before the trial, the defendant said to the witness, who had acted as agent in the negotiations, "I will give you a thousand dollars if you settle the case." The defendant objected on the ground that it was not an admission and was irrelevant. The judge stated: "Well, it is an expression of opinion on the part of the defendant that he is liable" and admitted the question, subject to exception. The question was then asked "What did he say to you?" and the witness answered, "He says that 'If there will be no bother I will give $1,000 to that woman.'" The defendant moved that the answer be struck out. The judge, however, allowed the answer to stand, subject to the instruction: "If two parties are having a lawsuit and they come together by themselves or through their representatives to settle the case and either makes an

offer of settlement, the law will not permit such an offer of settlement to be put in evidence as evidence of liability either on one side or another; because the law looks with favor upon the settlement of controversies. . . . Now in this case however, the conversation was not between the plaintiff and the defendant sitting down together for the purpose of settling their controversy, but it was a conversation, if true, between the defendant and this stranger to the lawsuit; and so you may ask yourselves why am I admitting it. I am admitting it because it is possible for you to interpret it to mean an acknowledgement of liability on his part — that is, the defendant's part — to this plaintiff made to a third person. On the other hand, it may be that you will find it susceptible to another interpretation. For example, the answer is 'If there will be no bother I will give $1,000 to that woman.' If the defendant meant by that in order to buy his peace from litigation he would give a thousand dollars, then it is no evidence whatever to be used against him. The words of the answer are somewhat peculiar. If you put that latter interpretation upon what he said 'If there will be no bother I will give that woman $1,000.' He meant to say 'If I could get rid of this law suit and the trouble and bother that goes with it, I would give that woman one thousand dollars,' that is no evidence against him. On the other hand, if he meant to say — if you should find he meant to say 'I would give a thousand dollars to settle that case,' it would be some evidence you would have a right to use on the question of his liability to this plaintiff."

Exception was duly saved. The bill of exceptions contains no other evidence of the circumstances attending the statement, if made; nor of authority from the plaintiff to the witness to act for her in the matter. The exception must be sustained. The testimony of the witness does not support the offer. It is essentially different. The words stated by the witness do not go beyond an expression of willingness to buy peace by a payment. No evidence is shown from which a different meaning can be inferred. Such an expression is not admissible as evidence which can be used on the question of liability. *Grebenstein* v. *Stone & Webster Engi-*

*neering Corp.* 205 Mass. 431, 438, and cases cited. *Garber* v. *Levine,* 250 Mass. 485, 490, and cases cited.

The instruction given was correct in its ruling on an offer of settlement and an offer to buy peace. It was erroneous and prejudicial in permitting the jury to give the statement the effect of an admission of liability. *Davis* v. *Charles River Branch Railroad,* 11 Cush. 506, 509.

The ruling in refusing to strike out the answer of an expert in redirect examination that his estimate of value of the premises would have been lower had he taken the valuation fixed by the city assessors of taxes was allowable in the state of the evidence. In cross-examination he was asked if he did not get his figures for his valuation from the assessors. He answered "No; it would have been lower than that had I taken their figures." The examining counsel moved that the answer after "No," be struck out. This was denied, and, later, in redirect examination, counsel for plaintiff was permitted to obtain the answer "Yes," to the question "Was the assessor's figure that you found out less than this figure that you came to the conclusion was the fair market value?" Both rulings were made subject to exception. The assessed valuation was not admissible. It was not put in evidence. In view of the question in cross-examination, the further testimony could properly be deemed legitimate explanation of the expert's fairness in reaching his estimate of value.

The other exceptions were waived at the argument. The order must be

*Exception sustained.*