**Ali DAHER, Appellant,**

v.

**UNITED STATES, Appellee.**

Nos. 2213–2218.

Municipal Court of Appeals for the
District of Columbia.

Argued July 14, 1958.

Decided Aug. 22, 1958.

Lyman Niles, Washington, D. C., for appellant.

Edgar T. Bellinger, Asst. U. S. Atty., Washington, D. C., with whom Oliver Gasch, U. S. Atty., Carl W. Belcher, Asst. U. S. Atty., Washington, D. C., and John Philip Smith, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

CAYTON, Acting Judge.

Before us for review is an order denying a defendant's motion to withdraw a plea

of guilty in six cases of false pretenses involving bank checks.

The informations were filed September 24, 1957, and on arraignment the court appointed an attorney to represent defendant. After conferring with the attorney defendant entered a plea of guilty, the trial judge asked whether defendant understood the effect of what he was doing, and being satisfied that the guilty plea was a voluntary one, postponed sentence for one month and referred the case to the probation officer for investigation and report. On October 25, 1957 the court imposed sentences totalling 180 days. Almost five months later, on March 19, 1958, when he had almost completed serving his sentences, a new attorney appeared for him and filed a motion for permission to withdraw the plea of guilty and to vacate the conviction. The motion was on the grounds that

> "1. The defendant has for a period of approximately two and a half years been suffering from a severe nervous breakdown.

> "2. For this reason he was unable at his arraignment on September 24, 1957 to understand the nature of the proceedings or to intelligently assist counsel assigned to his defense."

In an affidavit accompanying the motion defendant stated that at the time of arraignment he told the attorney that it was his signature on the checks "but that he did not recall signing them or any other recent events and that he had a sickness in his head." In the affidavit he also said he had no understanding of the nature of the proceedings or the significance of the plea of guilty. He recounted a series of headaches and other nervous ailments, and listed four occasions when he was a "mental patient" at D. C. General Hospital, one occasion being for some six weeks and one for as short as one day. He referred also to other psychiatric treatment he had received. Defendant says he is an alien immigrant who has been in this country under a permanent visa since 1953, and that the purpose of his motion (since by now his sentence has been completed) "is to clear his record so that he may be able to gain American citizenship." (He added, however, that the State of Maryland has filed with the Police Department here a detainer on other charges of passing worthless checks.)

This situation is covered by Municipal Court Criminal Rule 20(d), which is identical with Federal Rules of Criminal Procedure 32(d), 18 U.S.C.A., and which provides that a motion of this kind may be made only before sentence, "but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

Thus the question before us is whether defendant, almost at the end of his sentence, made a sufficient showing of manifest injustice to be entitled to have his case reopened.

■■■ The motion is one which rests in the sound discretion of the trial court. Morris v. United States, 101 U.S.App.D.C. 296, 248 F.2d 618; Humphries v. United States, D.C.Mun.App., 68 A.2d 803. The granting of such a motion is not a matter of right. United States v. Swaggerty, 7 Cir., 218 F.2d 875, certiorari denied 349 U.S. 959, 75 S.Ct. 889, 99 L.Ed. 1282; Friedman v. United States, 8 Cir., 200 F.2d 690, certiorari denied 345 U.S. 926, 73 S.Ct. 784, 97 L.Ed. 1357.

■■■ Recent decisions seem to make it clear that in making such a motion a defendant has the burden of establishing the "manifest injustice" of the situation. McNair v. United States, 98 U.S.App.D.C. 359, 235 F.2d 856, certiorari denied 352 U.S. 989, 77 S.Ct. 389, 1 L.Ed.2d 368; United States v. McGee, 7 Cir., 242 F.2d 520; Futterman v. United States, 91 U.S.App. D.C. 331, 202 F.2d 185; United States v. Shailer, 2 Cir., 202 F.2d 590, certiorari denied 347 U.S. 947, 74 S.Ct. 646, 98 L.Ed. 1094.

■ Without venturing into a detailed analysis and discussion of defendant's affidavit and the circumstances of his sentencing shown in the record, we think it is sufficient to say that the trial court did not rule *improperly* in denying the motion. There was no showing that a plea of insanity should have been interposed in defendant's behalf. Though he had been under psychiatric treatment, the record does not indicate that he had ever been found mentally incompetent. Nor, during the hearing on the motion was there any offer to prove such incompetence, even when the Government challenged the sufficiency of his affidavit. Thus it is fair to say that he did not sustain the burden of overcoming the presumption of continuing competency. See Bishop v. United States, 96 U.S.App. D.C. 117, 223 F.2d 582, reversed on other grounds 350 U.S. 961, 76 S.Ct. 440, 100 L. Ed. 835.

We must hold that appellant has **not** shown that the ruling on the motion reflected an abuse of discretion.

Affirmed.