Willis CAMPBELL, Jr., Appellant,

v.

UNITED STATES, Appellee.

No. 2718.

Municipal Court of Appeals for the District of Columbia.

Argued March 13, 1961.

Decided March 16, 1961.

A. Lillian C. Kennedy, Washington, D. C., for appellant.

Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

PER CURIAM.

Appellant was charged with nonsupport of seven minor children. Code 1951 (Supp. VIII), § 22–903. When arraigned several months later the judge advised him of his constitutional and statutory rights to assistance of counsel and the right to have counsel appointed in his behalf. Appellant waived such rights in writing and was given a one-year sentence.

Two weeks later counsel filed in his behalf a motion "to set aside plea of guilty and for a new trial," accompanied by a short affidavit reciting that although he had signed a waiver of counsel he did not then recognize the significance of the charge against him. The motion contained the same statement and also statements to the effect that he did not comprehend the significance of his plea of guilty and that his failure to support his family was due to inability rather than willful neglect.

The Juvenile Court overruled his motion and this appeal followed.

 A motion of this kind is addressed to the sound discretion of the trial court.[1] When it appears that a guilty plea has been unfairly obtained, or given through ignorance, fear or inadvertence, a defendant should be permitted to withdraw it and substitute a plea of not guilty.[2] We cannot say that such was the situation here. The judge who presided at the arraignment was convinced that defendant was fully aware of the meaning and consequences of his plea of guilty and that his waiver of the right to counsel was competently and intelligently made. There is nothing in the record to indicate otherwise.

This was not a rushed situation. Defendant had twice been in court when this case was continued for arraignment and it was not until eight months later that his plea was finally received. He had also been before the same court some three years earlier on another nonsupport charge. He then also waived right to counsel and pleaded guilty. He was then given a one-year suspended sentence and placed on probation. This was at least some indication that on the next occasion he was not ignorant of the procedures. It was proper for the trial judge to consider all these facts in connection with defendant's claim that he did not realize the significance of the charge against him when he waived counsel and pleaded guilty.

We conclude on the basis of the record before us that there was no abuse of discretion in denying the motion to withdraw the plea of guilty. See High v. United States, D.C.Cir., 288 F.2d 427; Daher v. United States, D.C.Mun.App., 144 A.2d 379; Coleman v. District of Columbia, D.C. Mun.App., 83 A.2d 873.

1. In the Juvenile Court there is no rule governing such situations, as there is in the Municipal Court and the Federal courts; but the same tests apply.

Appellant says the trial court erred in "refusing to grant hearing in open court upon appellant's motion." The record does not show that the trial court refused such a hearing or that counsel specifically requested it. It is always a better and more satisfactory practice to afford counsel an opportunity to present oral argument on such a motion; but the absence of such an opportunity cannot in this case be held a denial of due process.

Affirmed.

2. Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009.