**Clarice A. GUEST, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 2700.**

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 20, 1961.

Decided March 22, 1961.

---

**534**

Curtis P. Mitchell, Washington, D. C., for appellant.

John R. Hess, Asst. Corp. Counsel, Washington, D. C., with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

CAYTON, Judge.

After pleading guilty to a charge of vagrancy and receiving a sentence of ninety days plus a $250 fine, appellant moved to withdraw her plea of guilty. In the motion she charged that a police officer had induced her not to secure an attorney or bondsman and to plead guilty, and had promised if she did so her lengthy record would not be brought to the attention of the court and she would receive only a small fine.

At the hearing on the motion she testified she was arrested coming out of a restaurant and told she was being charged with investigation of robbery. At the station she was informed the charge was being changed to vagrancy. She said the arresting officer, who admittedly knew her, stated he was sorry about the change and gave her the advice recited above. Appellant's husband corroborated her version of what happened.

The officer testified the only advice he gave was in reply to a question concerning the possibility of getting a small fine. Though this question was posed to another detective he voluntarily answered it, breaking into the conversation and telling appellant that "the maximum sentence that she could get was ninety days; if she set her sights on ninety days, if she got anything less than ninety days she wouldn't be disappointed." He said he then kept on with the work he had been doing and appellant and her husband continued to converse with the other detective. The latter was not called to testify. The court denied appellant's motion and she has appealed.

 The granting of a motion of this type under Municipal Court Criminal Rule 20(d) is discretionary with the court, and we think that discretion should have been exercised in favor of appellant. The government does not contend it would have been prejudiced by giving appellant a trial. It relies primarily on the fact that the motion to withdraw the plea of guilty came after sentence was imposed and Rule 20 (d) makes the right of withdrawal more restricted at such time.[1] But the imposition of sentence in this case immediately followed the plea and there was no time for reflection or change of mind between the plea and sentencing. The motion for withdrawal was then made within three days of sentencing and not after lengthy delays with which we have dealt in other cases.[2]

 We believe that when sentence follows plea so closely, the rule should not be so construed as to cast too heavy a burden on a defendant claiming there was manifest injustice. Rather, we think the lack of an appreciable period of time between plea and sentencing, and the timely filing of a motion to withdraw after sentence imposed, should be enough to accord that motion the same status as if it had come before sentencing. This rule may become extremely prejudicial and even meaningless if applied too literally in situations where there is no opportunity to withdraw a plea before sentencing.

The Supreme Court has said that a trial court should vacate a plea of guilty if it was "shown to have been unfairly obtained or given through ignorance, fear or inadvertence. * * * The court in exercise of its discretion will permit one accused to substitute a plea of not guilty and have a trial if for any reason the granting of the privilege seems fair and just."[3]

The conclusion we reach here is not out of harmony with the latest case on the subject in the United States Court of Appeals for this circuit.[4] That case shows the rule in its proper operation where there is a time lapse between the plea and sentencing during which timely withdrawal of defendant's plea "should be rather freely granted" if meritorious, and the necessity after sentencing of showing manifest injustice. In addition to the rapidity of events the instant case is distinguishable from High by lack of counsel and the discussions that took place between appellant and the police.

 Appellant made a sufficient showing that under basic considerations of fairness and justice she should be given an opportunity to be heard at trial and to be represented by competent counsel. We are supported in this view by decisions which have considered situations somewhat analogous to that presented here.[5]

Reversed for further proceedings in accordance with the foregoing opinion.

1. "A motion to withdraw a plea of guilty or of *nolo contendere* may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the Court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

2. See, e. g., Rosenau v. District of Columbia, D.C.Mun.App., 147 A.2d 445, where the defendant had served his entire sentence of 90 days; and Daher v. United States, D.C.Mun.App., 144 A.2d 379, where almost five months of a 180-day sentence had been served. In Curtis v. United States, D.C.Mun.App., 150 A.2d

473, defendant waited almost eight years before attempting to withdraw his plea of guilty in a paternity action.

3. Kercheval v. United States, 274 U.S. 220, 224, 47 S.Ct. 582, 583, 71 L.Ed. 1009, 1012.

4. High v. United States, D.C.Cir., 1961, 288 F.2d 427.

5. See Gearhart v. United States, 106 U.S. App.D.C. 270, 272 F.2d 499; Poole v. United States, 102 U.S.App.D.C. 71, 250 F.2d 396; United States v. Lias, 4 Cir., 173 F.2d 685. See also 14 Am.Jur. Criminal Law § 287.