David HENDERSON, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 2725.

Municipal Court of Appeals for the
District of Columbia.

Argued March 27, 1961.

Decided April 17, 1961.

John J. Dwyer, Washington, D. C., for
appellant.

H. Thomas Sisk, Asst. Corp. Counsel,
Washington, D. C., with whom Chester H.
Gray, Corp. Counsel, Milton D. Korman,
Principal Asst. Corp. Counsel, and Hubert
B. Pair, Asst. Corp. Counsel, Washington,
D. C., were on the brief, for appellee.

Before HOOD and QUINN, Associate
Judges, and CAYTON (Chief Judge, Re-
tired) sitting by designation under Code
§ 11–776(b).

CAYTON, Acting Judge.

We are asked to reverse a decision deny-
ing a motion to vacate a forfeiture of col-
lateral.

Appellant was arrested and charged with
an indecent act. He was released on bail
and when he appeared with counsel at the
prosecutor's office the next day it was ar-
ranged to change the charge to disorderly
conduct and permit him to post and forfeit
collateral of $50. This was done. More
than a month later new counsel appeared
for him and filed a motion to vacate the
forfeiture. In the motion he alleged that
he did not realize that he had forfeited the
collateral and that he thought he would be
given an opportunity to go into court and

resist the charge made against him. Testimony was taken on the motion, which was then overruled. That ruling is here for review.

At the hearing on the motion appellant testified that on the morning he appeared at the courthouse he had only a very brief talk with his lawyer; that he told his lawyer he was innocent; that he had not intended to plead guilty; that he was nervous and confused; that he thought he would have an opportunity to go before a judge; and that he did not realize that he had forfeited the collateral. The lawyer with whom appellant had first talked that day testified that he consulted with appellant for about an hour and a half before relinquishing the case to another lawyer who came on the scene at appellant's request.

The second lawyer was called as a government witness and testified that he discussed the various aspects of the case at considerable length with appellant and explained the effect and consequences of a forfeiture of collateral; that appellant said "that he was so nervous that he would have a nervous breakdown if he went to trial," and wanted to get it over as quickly as possible. This witness said that appellant announced three separate times that he wanted to forfeit.

It is clear that the testimony on the motion presented a factual issue for the trial court. Appellant's own testimony was in certain important aspects equivocal. The evidence for the government, which the trial court had a right to accept, indicated that appellant had the benefit of full advice of counsel and knew what he was doing when he forfeited collateral.

A motion of this kind is addressed to the discretion of the trial court. United States v. Carolina Casualty Ins. Co., 7 Cir., 237 F.2d 451. It is similar to a motion to withdraw a plea of guilty. And when it is shown that such a plea or forfeiture was given or made through ignorance, fear or inadvertence, or unfairly obtained, relief should be granted. Courts have done so rather freely. See our recent decision in Guest v. District of Columbia,[1] and cases there cited.

But when such elements are lacking, and it appears that a defendant understands the significance of such a plea or action, it is not error for a trial court to refuse to reopen a case later on and allow him to start anew on a different basis. See Campbell v. United States, D.C.Mun.App., 168 A.2d 532, decided March 16, 1961.

The record reveals no abuse of discretion and the decision below must be

Affirmed.

QUINN, Associate Judge (dissenting).

In my opinion the motion to set aside the forfeiture should have been granted. The record shows that after appellant was arrested for committing an indecent act, he was informed he could post and forfeit $25 collateral. This he refused to do but instead obtained the services of both a bondsman and a lawyer. The next day the original charge was "no-papered" and a new information filed charging him with disorderly conduct, for which it is claimed he knowingly forfeited $50. There was testimony that he denied the charge and refused to enter a plea of guilty, and that he thought he would appear before a judge. I think the practice of arresting and charging a person with an indecent act and then permitting him to forfeit for another unrelated offense is, to put it mildly, questionable. On the record before us I do not think anyone would argue that appellant could be convicted of disorderly conduct.

It is true that the trial court must have discretion in motions of this type, but it is equally true that where a defendant asserts

1. D.C.Mun.App., 168 A.2d 533, decided March 22, 1961.

his innocence and seeks to set aside a forfeiture or a plea in order to proceed to trial, the practice in both state and federal courts has been for the trier to exercise his discretionary power liberally in order that a person may have a trial on the merits. The record indicates there is but one witness, a member of the morals squad, to testify for the government and that the government does not contend that it would be prejudiced by giving appellant a trial. Very little effort would be required for anyone to uncover the homosexual overtones sleeping beneath this forfeiture for disorderly conduct. From a reading of the transcript I think the forfeiture was made through fear, and it seems to me only fair and just that appellant should have his day in court.