THOMASINA J. LePage vs. PETER M. BUMILA
(and a companion case[1]).

Plymouth. February 7, 1990. - April 4, 1990.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Negligence*, Motor Vehicle. *Evidence*, Admissions and confessions, Traffic
citation, Offer of compromise.

In a civil action arising from a collision of two automobiles at an intersec-
tion after which the defendant had been issued a citation, been found
"Responsible" by a clerk-magistrate of passing on the right and failing
to stop for a red light, and paid a $40 fine, the judge erred in admitting
evidence of the citation, the clerk-magistrate's decision, and the defend-
ant's payment of the fine as an admission that he had gone through the
red light, where the defendant's decision to pay the fine and forgo a
judicial appeal did not bear a sufficient relationship to whether he ac-
quiesced in or admitted to the charges recited in the citation. [164-167]

CIVIL ACTIONS commenced in the Superior Court Depart-
ment on October 23, 1985, and March 20, 1986, respectively.

The cases were tried before *Francis W. Keating*, J.; judg-
ment on a special jury verdict was entered by *James F. Mc-
Hugh, III*, J.; and motions for a new trial and to amend the
judgment were heard by *Suzanne V. DelVecchio*, J.

The Supreme Judicial Court on its own initiative trans-
ferred the case from the Appeals Court.

*Thomas F. McGuire, Jr.*, for the defendants.

*James J. D'Ambrose* for the plaintiff.

NOLAN, J. A jury found that the defendant, Peter M.
Bumila, was negligent, and awarded the plaintiff, Thomasina
J. LePage damages. Judgment entered and Bumila ap-

[1]Thomasina J. LePage *vs.* Pine Hill Estates, Inc. The parties have
agreed that the outcome of the principal case will control the outcome of
this companion case.

pealed.[2] We transferred the case to this court on our own motion. We reverse.

LePage and Bumila were involved in a two-car accident at an intersection controlled by a traffic light. A police officer who investigated, but did not witness, the accident issued a citation to Bumila. Bumila challenged the citation and a clerk-magistrate found Bumila "Responsible" of passing on the right and failing to stop for a red light. The clerk-magistrate imposed a $40 fine, which Bumila paid. Bumila did not appeal to a judge. See G. L. c. 90C, § 3.

LePage commenced this action against Bumila. An earnestly contested issue at trial was who had the red light and who had the green light. Over objection, LePage introduced evidence of the citation, the clerk-magistrate's finding, and Bumila's decision to pay the $40 and not appeal. LePage argued that by paying the fine and not appealing, Bumila essentially pleaded guilty to going through the red light. Thus, the citation, the clerk-magistrate's decision, and Bumila's failure to appeal, LePage argued, constituted an admission by Bumila that he went through the red light. The judge admitted the evidence on this theory.

It is well established that an admission by a party may be introduced in evidence against that party. See P.J. Liacos, Massachusetts Evidence 275-295 (5th ed. 1981). See also *Aetna Casualty & Sur. Co.* v. *Niziolek*, 395 Mass. 737, 747 (1985) (guilty plea is admission). *Commonwealth* v. *Montecalvo*, 367 Mass. 46, 52 (1975) (admission implied from con-

---

[2]The verdict was returned on July 13, 1987. The trial judge died before judgment was entered. A second judge, pursuant to an order under Mass. R. Civ. P. 63, 365 Mass. 831 (1974), entered judgment on the verdict on August 3, 1987. On August 10, 1987, the defendant filed motions seeking a new trial and a reduction of the amount of the judgment, which we construe as a motion to amend the judgment. Thus, the period in which to file a notice of appeal was stayed. Mass. R. A. P. 4 (a), as amended, 395 Mass. 1110 (1985). A third judge denied the motion for a new trial, but allowed the motion to reduce the judgment. On October 20, 1987, the order on defendant's motion to reduce the judgment was docketed. The defendant's notice of appeal was filed two days later on October 22, 1987. Thus, the appeal is properly before us.

duct); *Commonwealth* v. *Boris*, 317 Mass. 309, 317 (1944) (in certain circumstances, evidence of silence in face of oral statements of another is an admission). For a party's conduct to be admissible as an "admission," however, there must be at least a rational nexus between the conduct and what that conduct purportedly admits. In other words, the conduct which is offered as an admission must, in the normal course of events, be indicative of whether the party against whom it is offered actually so admitted.

The decision to pay a $40 traffic citation and forgo a judicial appeal does not bear a sufficient relationship to whether the paying party acquiesces in or admits to the charges recited in the citation. Common experience demonstrates that the payment of a traffic citation is simply a matter of expedience. "It is common knowledge that, upon the receipt of a traffic ticket, the average motorist pays and then forfeits his bail; the action is thus concluded. It cannot be said that such an act is a general admission of responsibility. Often, it is but a convenient method of concluding the criminal action, convenient both to the person charged and to the administrators of traffic law enforcement." *Reynolds* v. *Donoho*, 39 Wash. 2d 451, 456 (1951). To mount a judicial challenge to a traffic citation takes time and money (almost certainly exceeding the fine), and often involves a great deal of aggravation. In the context of a $40 noncriminal fine, those factors bear much greater weight than the righteousness of one's cause.[3] It would be unfair to create a rule of law allowing the payment of such a citation to be used as an admission in a later civil trial. The weight of authority supports this proposition. See, e.g., *Carter* v. *Rukab*, 437 So. 2d 761, 762-763 (Fla. Dist. Ct. App. 1983) (error to admit evidence of ticket paid

---

[3]Logic and common sense dictate that a decision to pay a traffic fine should not be extended beyond the context in which it occurs. Paying a parking ticket is akin to a plea of nolo contendere which admits the facts alleged, but only for purposes of the case in which the plea is made. Such a plea cannot be used in a later civil or criminal trial. Mass. R. Crim. P. 12 (f), 378 Mass. 866 (1979). See *White* v. *Creamer*, 175 Mass. 567, 568-569 (1900).

through mail); *Mendez* v. *Brinkerhoff*, 771 P.2d 163, 164 (Nev. 1989) (forfeiture of bail on traffic citation not admissible as an admission); *Kelly* v. *Simoutis*, 90 N.H. 87, 89 (1939) (evidence that defendant paid $25 fine not admission of guilt); *Turner* v. *Silver*, 92 N.M. 313, 316 (1978) (evidence of payment of fine not admissible unless party paid because he thought he was guilty); *Hannah* v. *Ike Topper Structural Steel Co.*, 120 Ohio App. 44, 47 (1963) (evidence of payment of fine not admissible); *Walker* v. *Forrester*, 764 P.2d 1337, 1338-1339 (Okla. 1988) (payment of fine by mail not an admission); *Kirkendall* v. *Korseberg*, 247 Or. 75, 77 (1967) (forfeiture of bail on traffic citation is a means of disposing of traffic citations used too frequently as a matter of convenience to be treated as admission); *Samuel* v. *Mouzon*, 282 S.C. 616, 620 (1984) (bond forfeiture on traffic citation and guilty plea not analogous as admissions); *Cox* v. *Bohman*, 683 S.W. 2d 757, 758 (Tex. Ct. App. 1984) (payment of fine to clerk not same as plea of guilty and not admissible in subsequent civil suit). We have found no case to the contrary.

The decision to pay a traffic citation is analogous to making an offer of compromise. Such an offer cannot be considered an admission. *Anonik* v. *Ominsky*, 261 Mass. 65, 66-68 (1927). Paying a traffic citation, like making an offer of compromise, is too often a means of dealing with a bothersome and troubling matter to be considered an admission. In addition, public policy weighs against treating an offer of compromise as an admission because "the law looks with favor upon the settlement of controversies." *Id.* at 67. The very same policy applies to the payment of traffic citations. If the payment of a citation were an admission of liability which could be used in subsequent civil or criminal trials, the courts would be flooded with challenges to such citations. The proverbial "floodgates of litigation" would be opened, destroying the expedited, streamlined system now in place. Therefore, we hold that it was error to admit the evidence of the cita-

tion, the clerk-magistrate's decision and Bumila's payment of the $40 as an admission.[4]

This case hinged in large measure on who had the green light and who had the red light. The case presented by both parties relied on the credibility of the witnesses. We cannot determine what effect the evidence had on the jury, but if accepted by them as an admission, it would certainly prejudice the defendant's case. In the circumstances, we have no alternative but to remand the case for a new trial.

*So ordered.*

---

[4]LePage also argued below, and again argues here, that the clerk magistrate's decision that Bumila was "Responsible" for going through the red light should be given a preclusive effect. The sanctions which Bumila faced at the clerk magistrate's hearing, and the $40 noncriminal sanction he actually received, are not of the degree that would give him "every incentive to defend the prosecution vigorously . . . and take an appeal." *Aetna Casualty & Sur. Co.* v. *Niziolek*, 395 Mass. 737, 745 (1985). Compare *Albernaz* v. *Fall River*, 346 Mass. 336, 340 (1963). Thus, it would be unfair to allow the use of offensive collateral estoppel in the circumstances of this case. See *Whitehall Co.* v. *Barletta*, 404 Mass. 497, 502 (1989) (advocating a determination of equitable factors in deciding whether to allow offensive use of collateral estoppel).