Brennan, J.
This is an action in tort for personal injuries allegedly suffered by Victoria Zykowski (hereinafter the plaintiff) who was a passenger in an automobile driven by Natalie Zykowsld (hereinafter, the third party defendant) which had been involved in an accidentwith a motor vehicle driven by Roger L. Gardner and owned by Bekins Van Lines (hereinafter the defendants).
After trial the court entered a finding for the plaintiff for $75,000 plus interest and costs. Prior to hearing the case the third party defendant filed a motion for Entry of Separate Judgment in the amount of $20,000.00. The court allowed the motion and the $20,000.00 was deducted from the judgment of $75,000.00 plus interest and costs.
The defendant raises issues of the rulings the Trial Court made on evidentiary issues raised at trial.
The first issue raised is whether the court erred in failing to exclude the defendant’s traffic court citation and finding. The evidence would show that following the accident the defendant received a citation for failure to stop for a red light. After a hearing on the matter the defendantwas found responsible and fined $20.00 at trial. In the present case the plaintiff offered a copy of the citation and finding and, over the defendant’s objection, the Trial Judge admitted it as evidence.
In addition, the Trial Judge stated in his findings that “I make an independent determination that the defendant Gardner failed to stop for a red light in violation of General Laws Chapter 89, section 9.”
The defendant claims to have been prejudiced by the admission of the citation and as authority, cites LePage v. Bumila, 407 Mass. 163 (1990), which stated: “It would be unfair to create a rule of law allowing the payment of such a citation to be used as an admission in a later civil trial.” (page 165).
As in the present case, the Bumila case “hinged in large measure on who had the green light and who had the red light. The case presented by both parties relied on the credibility of the witnesses.”
In the Bumila matter, however, the case was tried before a jury and the Court, in ruling on the issue, stated:
We cannot determine what effect the evidence had on the jury, but if accepted by them as an admission it would certainly prejudice the defendant* s case. In the circumstances, we have no alternative but to remand the case for a new trial, (page 167).
The present case is distinguishable from Bumila in that no jury was involved and the Trial Judge clearly indicated in this finding that he made an independent *241 determination of the defendant’s failure to stop for a traffic light.
The second issue presented is whether the court erred in not allowing the defendant, Gardner, to testify to statements alleged to have been made by Natalie Zykowski, third party defendant, and Raymond Lumb, an alleged witness to the accident. The defendant attempted to testify that, immediately following the accident, he said to third party defendant, Zykowski, “Did you know that you ran a red light?” and that the third party defendant allegedly replied “Maybe I did but you were going like a bat.” Plaintiff objected and the statement was excluded. The defendant claims that the statement was admissible as an admission of a party opponent and as a prior inconsistent statement. The Court properly ruled that this proposed statement was hearsay and did not qualify as an admission of a party opponent.
The defendant also excepted to the Court’s exclusion of Raymond Lumb’s statement allegedly made shortly after the accident. Mr. Lumb was alleged to have said “I think you (Mr. Gardner) ran a red light.” The Court excluded this statement ruling that it was not inconsistent with the in court testimony of Mr. Lumb. It is clear that ‘The credibility of witnesses at trial and the weight of evidence introduced at trial are not subject to appellate review.” Jancysy vs. Hy-Land Realty, Inc., 58 Mass. App. Dec. 152 (1976).
Further, the
Appellate Division is required not only to examine testimony in light most favorable to plaintiff but also to assume thattrialcourtbelieved such portions of credible testimony of each witness as supported its findings and rejected such portion of same as were repugnant thereto. Aronson vs. Bumstead, 20 Mass. App. Dec. 52 (1958).
The defendant cites as error the trial court’s refusal to allow the defendants the opportunity to recall Natalie Zykowski, third party defendant, to the stand. The defendant alleges that the Trial Judge abused his discretion in so ruling. The defendants were attempting to introduce third party defendant’s deposition transcript.
Again, the
Appellate Division will not disturb a general finding of a trial justice when founded on sufficient evidence to support the subsidiary facts essential for the general finding. Berman v. Tyburski Electric, Inc., 57 Mass. App. Dec. 189 (1976).
The facts do not support a finding that the Trial Judge abused his discretion.
The defendant also cites as error theTrial Judge’s award of damages of $75,000.00. Defendant states that the Trial Judge has no legal authority to make a finding of damages in excess of $25,000, citing Massachusetts General Laws, Chapter 231, Section 102C and Rule 29 of the Superior Court Rules.
Massachusetts General Laws Chapter 231, Section 102C and rule 29 of the Superior Court Rules concern the transfer of cases to the District Court, not the amount of damages to be awarded.
The Court’s rulings are without prejudicial error and should be upheld and the report is dismissed.