# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued February 15, 2017        Decided April 25, 2017

No. 16-7066

PATRICK KINCAID, ON BEHALF OF HIMSELF AND ALL OTHERS
SIMILARLY SITUATED, ET AL.,
APPELLANTS

v.

GOVERNMENT OF THE DISTRICT OF COLUMBIA,
APPELLEE

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:15-cv-00838)

———

*Jeffrey Light* argued the cause for appellants. With him on
the briefs were *William Claiborne* and *Lynn E. Cunningham*.

*Jason Lederstein*, Assistant Attorney General, Office of
the Attorney General for the District of Columbia, argued the
cause for appellee. With him on the brief were *Karl A. Racine*,
Attorney General, *Todd S. Kim*, Solicitor General, and *Loren
L. AliKhan*, Deputy Solicitor General.

Before: KAVANAUGH, *Circuit Judge*, and SENTELLE and
RANDOLPH, *Senior Circuit Judges*.

2

Opinion for the Court filed by *Circuit Judge* KAVANAUGH.

KAVANAUGH, *Circuit Judge*:   This case concerns the District of Columbia's post-and-forfeit statute.  Under that law, certain individuals arrested for misdemeanor crimes receive an opportunity to resolve their criminal charges immediately by paying a relatively small sum of money, typically $25 to $50. An arrestee who chooses to use the post-and-forfeit procedure is released without the need to attend any criminal proceedings and without any admission of fault or record of conviction.  An arrestee who declines to use the post-and-forfeit procedure is entitled to all criminal due process protections, including an initial hearing before a judicial officer and a trial on the merits.

In this case, a group of individuals who resolved their misdemeanor charges using the post-and-forfeit procedure later filed suit, challenging the procedure and the statute authorizing it as unconstitutional.  They argue that the post-and-forfeit procedure deprives arrestees of their property in violation of the Due Process Clause of the Fifth Amendment. They also contend that the statute authorizing the post-and-forfeit procedure is void for vagueness under the Due Process Clause.  The District Court dismissed those claims, concluding that the post-and-forfeit statute is consistent with the Due Process Clause.  We affirm.

I

A

In 2004, the Council of the District of Columbia adopted the First Amendment Rights and Police Standards Act.  The Act took effect in 2005 following a 30-day period of congressional review.  *See* 52 D.C. Reg. 5417 (June 10, 2005). Among other things, the Act codified D.C.'s longstanding

"post-and-forfeit" procedure.  *See* D.C. CODE § 5-335.01.[1] That procedure has been used to resolve low-level criminal charges in the District for more than 50 years.  Under the post-and-forfeit procedure, police officers may offer a misdemeanor arrestee the opportunity to "obtain a full and final resolution of the criminal charge" by posting and simultaneously forfeiting an amount of money associated with the charge.  *Id.* § 5-335.01(a)(3).  In other words, the post-and-forfeit procedure allows an arrestee to pay a sum of money to resolve his or her criminal charge without having to proceed through the traditional criminal process.  The post-and-forfeit amounts are pre-determined by the Superior Court of the District of Columbia and are available online.  Those amounts typically range from $25 to $50, but may in some cases extend up to $500 or $1,000 for certain misdemeanor offenses. *See* Superior Court Bond and Collateral List, Non-Traffic Offenses (June 11, 2014).

An arrestee who chooses to use the post-and-forfeit procedure must pay the amount associated with his or her misdemeanor charge.  Following payment, the arrestee's charge is fully resolved and the arrestee need not attend any further criminal proceedings.  The statute makes clear that an arrestee's choice to use the post-and-forfeit procedure "is not a conviction of a crime and shall not be equated to a criminal conviction."  D.C. CODE § 5-335.01(b).  The statute similarly specifies that resolution of a charge using the post-and-forfeit procedure "may not be relied upon by any District of Columbia court or agency in a subsequent criminal, civil, or

---

[1] In 2014, the Council approved amendments to the post-and-forfeit statute. *See* Post-Arrest Process Clarification Amendment Act, 61 D.C. Reg. 8320 (Aug. 15, 2014).  The amended version of the statute took effect in 2015. *See* 62 D.C. Reg. 5432 (May 1, 2015).  Nothing in this case turns on the changes that were made.  For ease of reference, we refer to the version in effect now.

administrative proceeding or administrative action to impose any sanction, penalty, enhanced sentence, or civil disability." *Id.*

By statute, an arrestee who receives a post-and-forfeit offer must also be provided with a form that explains the post-and-forfeit process. The form must make clear, among other things, that the arrestee has "the right to choose" whether to "[a]ccept the post-and-forfeit offer and terminate the criminal case" or, alternatively, "[p]roceed with the criminal case and a potential adjudication on the merits of the criminal charge." *Id.* § 5-335.01(e)(2); *see also id.* § 5-335.01(e)(1), (3)-(7). In order to accept a post-and-forfeit offer, an arrestee must indicate his or her understanding and approval of the process by signing the required form. *Id.* § 5-335.01(g).

An arrestee may choose to decline a post-and-forfeit offer and instead contest the criminal charges. If an arrestee does so, the criminal process moves forward as usual. The arrestee is afforded all of the traditional due process protections associated with the criminal process. Those protections may include, among other things, a hearing before a judicial officer. Pending that hearing, an arrestee is released "on citation" with instructions to return to court. *See id.* § 5-335.01(e)(3); *id.* § 23-584. If the Government chooses to proceed with its case against an arrestee, the arrestee is entitled to contest the relevant charges at a trial on the merits.

If an arrestee uses the post-and-forfeit procedure but later decides to contest the criminal charges, the statute provides a mechanism to do so. Any person who uses the post-and-forfeit procedure may seek, within 90 days of the forfeiture, to "set aside the forfeiture and proceed with the criminal case." *Id.* § 5-335.01(e)(4).

5

B

In 2014, Metropolitan Police officers arrested Patrick Kincaid and charged him with possession of an open container of alcohol. The officers transported Kincaid to the local station house. At the station house, the officers offered Kincaid the opportunity to resolve his misdemeanor charge through the post-and-forfeit procedure. Kincaid accepted. Kincaid signed a form acknowledging that, by accepting the post-and-forfeit offer, he was making the choice to forfeit both the sum of $25 and his "right to a hearing in court." Kincaid Collateral/Bond Receipt Form, J.A. 37. The form that Kincaid signed also stated that Kincaid could seek to set aside the forfeiture and proceed with the criminal case within 90 days. *Id.*

Although Kincaid chose to resolve his charge through the post-and-forfeit procedure, he maintains that his arrest was improper. But Kincaid declined to file a motion to set aside his forfeiture and challenge his arrest in a criminal court proceeding. Instead, Kincaid filed a class action lawsuit in the District Court on behalf of himself and other individuals who used the post-and-forfeit procedure to resolve misdemeanor criminal charges. The suit challenged the post-and-forfeit statute as unconstitutional on a number of grounds.

As relevant here, Kincaid's complaint asserted that the post-and-forfeit procedure violates arrestees' due process rights because it deprives them of their money without a hearing. In addition, Kincaid claimed that the post-and-forfeit statute is unconstitutionally vague because it grants too much enforcement discretion to law enforcement officials. The District of Columbia moved to dismiss Kincaid's complaint for failure to state a claim. The District Court granted the District of Columbia's motion and dismissed Kincaid's constitutional

claims.  *See Kincaid v. District of Columbia*, 177 F. Supp. 3d 548 (D.D.C. 2016).

Kincaid now appeals the District Court's dismissal of his procedural due process and vagueness claims.  We review the District Court's decision de novo.

## II

## A

We first address Kincaid's claim that the post-and-forfeit procedure violates due process because it deprives individuals of their money without a hearing.  The Due Process Clause of the Fifth Amendment bars D.C. officials from depriving any person "of life, liberty, or property, without due process of law."  U.S. CONST. amend. V.  As a general matter, the Due Process Clause requires the Government to provide certain "procedural protections" before depriving individuals of their property interests.  *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)).  The due process test set forth by the Supreme Court in *Mathews v. Eldridge* requires a judicial balancing of the Government's interests against the individual's interests.  *See id.* at 334-35.

"In the field of criminal law," however, the Bill of Rights "speaks in explicit terms to many aspects of criminal procedure."  *Medina v. California*, 505 U.S. 437, 443 (1992).  For that reason, the Supreme Court has stated that "the Due Process Clause has limited operation" beyond the "specific guarantees enumerated in the Bill of Rights."  *Id.* (internal quotation mark omitted).  According to the Supreme Court, "expansion of those constitutional guarantees under the open-ended rubric of the Due Process Clause invites undue

interference with both considered legislative judgments and the careful balance that the Constitution strikes between liberty and order." *Id.*

Therefore, when examining due process claims in the realm of criminal procedure, courts apply a test that is somewhat more deferential than the *Mathews v. Eldridge* test: A rule of criminal procedure usually does not violate the Due Process Clause unless it (i) "offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental," or (ii) "transgresses any recognized principle of 'fundamental fairness' in operation." *Id.* at 445, 448 (quoting *Patterson v. New York*, 432 U.S. 197, 202 (1977); *Dowling v. United States*, 493 U.S. 342, 352 (1990)).

Here the post-and-forfeit procedure is a procedural rule that is a "part of the criminal process." *Nelson v. Colorado*, No. 15-1256, slip op. at 5 (U.S. 2017) (internal quotation mark omitted). Indeed, the post-and-forfeit procedure *is* the process for resolving a criminal charge for arrestees who choose to use it. So the *Medina* test applies. But Kincaid has failed to show that the post-and-forfeit procedure violates either prong of the *Medina* test.

We first assess whether the post-and-forfeit procedure offends any fundamental "principle of justice" that is deeply rooted "in the traditions and conscience of our people." *Medina*, 505 U.S. at 445. Historical practice and, to a lesser extent, contemporary practice are relevant to that inquiry. *Id.* at 446-47; *see also Herrera v. Collins*, 506 U.S. 390, 408, 410 (1993). The District of Columbia has used the post-and-forfeit procedure for more than 50 years. *See, e.g.*, *Henderson v. District of Columbia*, 169 A.2d 759 (D.C. 1961). That said, D.C. has failed to identify any history of post-and-forfeit statutes beyond that time period or in other jurisdictions. But

many jurisdictions have long employed similar procedures through which individuals may pay a fine to resolve minor offenses without the need to appear at a hearing – as can be confirmed by anyone who has opted to pay a speeding ticket rather than challenge it in court. *See, e.g.*, *District of Columbia v. Franklin Investment Co.*, 404 A.2d 536, 539 n.7 (D.C. 1979) (To enforce municipal parking regulations in "large cities, the bail in a small and usually standard amount is waived and forfeited without further proceedings.") (quoting 7 EUGENE MCQUILLIN, THE LAW OF MUNICIPAL CORPORATIONS § 24:651 (3d ed. 1968)); *see also* CAL. VEHICLE CODE § 40510.5 (vehicle code infractions); S.C. CODE ANN. § 56-5-6220 (criminal traffic violations); TEX. CODE CRIMINAL PROCEDURE ANN. arts. 27.14, 45.044 (select misdemeanors); UTAH CODE ANN. § 77-7-21 (select misdemeanors and infractions); *LePage v. Bumila*, 552 N.E.2d 80, 82 (Mass. 1990) (the decision to pay a "traffic citation and forgo a judicial appeal" is often "but a convenient method of concluding the criminal action, convenient both to the person charged and to the administrators of traffic law enforcement") (internal quotation mark omitted).

Moreover, the "voluntary exchange" enabled by the post-and-forfeit procedure is akin to the practice of plea bargaining, through which individuals may opt out of a criminal hearing or trial in exchange for certain resolution of a charge or a reduced sentence. *Fox v. District of Columbia*, 851 F. Supp. 2d 20, 23 (D.D.C. 2012); *see District of Columbia v. Baylor*, 125 Wash. Law Rptr. 1665, 1676 (1997) (post-and-forfeit procedure "is a set of mutual agreements" that "is, in short, an implicit plea bargain"). Plea bargaining is a longstanding and prevalent part of our federal and state criminal justice systems. *See generally* GEORGE FISHER, PLEA BARGAINING'S TRIUMPH: A HISTORY OF PLEA BARGAINING IN AMERICA (2003); *see also Lafler v. Cooper*, 566 U.S. 156, 170 (2012) ("[C]riminal justice today is for the most part a system of pleas, not a system of trials.");

*Chaffin v. Stynchcombe*, 412 U.S. 17, 31 n.18 (1973) ("The legitimacy of the practice of 'plea bargaining'" has "not been doubted and where properly administered it is to be encouraged as an essential and desirable component of the administration of justice.") (internal quotation marks omitted).

Given all of the above, we cannot say that the post-and-forfeit procedure "offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Medina*, 505 U.S. at 445.

We next examine whether the post-and-forfeit procedure "transgresses any recognized principle of fundamental fairness in operation." *Id.* at 448 (internal quotation marks omitted). It does not. Kincaid's central contention is that the post-and-forfeit procedure unfairly deprives arrestees of their forfeited funds without a hearing. But that argument does not accurately describe how the post-and-forfeit procedure works. The procedure does not require any arrestee to forfeit funds without a hearing. An arrestee may have a hearing – and, for that matter, all other criminal due process protections – if he or she chooses to contest the charge. The post-and-forfeit procedure provides an arrestee with an *additional* opportunity to resolve the charge by forfeiting funds without the need to attend a criminal hearing. Even an arrestee who initially decides to use the post-and-forfeit procedure, moreover, may upon further consideration seek to set aside the forfeiture and proceed with the criminal case. *See* D.C. CODE § 5-335.01(e)(4). Offering arrestees an option to participate in the voluntary post-and-forfeit procedure does not unfairly deprive any arrestee of an opportunity for a hearing.

Kincaid counters that the post-and-forfeit procedure, although voluntary on paper, presents a coercive "Hobson's choice" in practice. According to Kincaid, the option to resolve

a charge using the post-and-forfeit procedure is so superior to the alternative of proceeding through the traditional criminal process that arrestees are left with little practical choice but to forfeit their funds and due process rights. But the Supreme Court's precedents in analogous situations reject that kind of argument. For example, the Supreme Court has long sanctioned law enforcement practices, including plea bargaining, that may exert "pressure" on defendants to waive "a series of fundamental rights" in exchange for the "substantial benefits" of leniency. *United States v. Mezzanatto*, 513 U.S. 196, 210 (1995) (quoting *Corbitt v. New Jersey*, 439 U.S. 212, 219 (1978)). Such "difficult choices," according to the Court, are an "inevitable – and permissible – attribute of any legitimate system which tolerates and encourages the negotiation of pleas." *Corbitt*, 439 U.S. at 220 (internal quotation marks omitted). We decline Kincaid's invitation to deviate from that established precedent by adopting a novel "unconstitutional conditions" rule that would call into question the traditional practices of police departments, prosecutors, and law enforcement agencies across the country.

We recognize the possibility that a police officer may arrest someone on a bogus charge and then offer the post-and-forfeit option. In those circumstances, an arrestee may think it is easier to just pay the money rather than go through the hassle of contesting the officer's improper action. But the fact that the post-and-forfeit procedure may be abused in certain cases does not warrant wholesale invalidation of the post-and-forfeit statute. *Cf. Mezzanatto*, 513 U.S. at 210 ("The mere potential for abuse of prosecutorial bargaining power is an insufficient basis for foreclosing negotiation altogether."). If there is police abuse of this process, there are other, more targeted tools – including the ability of an arrestee to file a lawsuit claiming wrongful arrest – to deter, detect, and punish such police misconduct.

In short, the post-and-forfeit statute does not deprive arrestees of their procedural due process rights under the Due Process Clause.  Kincaid obviously believes that the post-and-forfeit statute is bad policy.  The District disagrees, arguing that the post-and-forfeit statute is beneficial to both the city and the many arrestees who have used the post-and-forfeit procedure to avoid criminal convictions.  The proper forum for that policy debate is the D.C. City Council or Congress, not this Court.

B

Kincaid's vagueness challenge to the post-and-forfeit statute is likewise unavailing.  The Due Process Clause "prohibits the Government from taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Beckles v. United States*, 137 S. Ct. 886, 892, slip op. at 4 (2017) (internal quotation marks omitted) (quoting *Johnson v. United States*, 135 S. Ct. 2551, 2556, slip op. at 3 (2015)).  Kincaid contends that the post-and-forfeit statute violates that principle because it vests police with too much discretion.  That is so, according to Kincaid, because the police have the discretion to determine whether an arrestee can resolve the charge through the post-and-forfeit procedure, or instead whether the arrestee must adjudicate the charge through the normal criminal process and thus be exposed to the requisite statutory punishment.

As a threshold matter, it is not clear that the void-for-vagueness doctrine applies to the post-and-forfeit statute.  The Supreme Court has applied the vagueness doctrine to two kinds of laws:  those that "define criminal offenses" and those that "fix the permissible sentences for criminal offenses."  *Id.*, slip

op. at 5 (emphasis omitted). The post-and-forfeit statute, which offers a procedure to resolve a charge without a criminal conviction, does not fit neatly into either category.

In any event, we need not decide whether the vagueness doctrine applies here. Even assuming that it does, Kincaid's vagueness challenge fails. Contrary to Kincaid's argument, the fact that the post-and-forfeit statute gives police the discretion to offer an arrestee an opportunity to post and forfeit does not render the statute unconstitutionally vague.

To begin with, police discretion under the post-and-forfeit statute is not as broad as Kincaid claims. The post-and-forfeit statute does not give police "absolute discretion" to "decide what activities" constitute criminal offenses. *Chicago v. Morales*, 527 U.S. 41, 61 (1999) (internal quotation marks omitted). Offenses are defined by the individual misdemeanor statutes, which Kincaid does not contest. Nor do police have the power to decide the amount of money required to resolve a charge. Those amounts are determined by the Superior Court of the District of Columbia. D.C. CODE § 5-335.02; *Kincaid v. District of Columbia*, 177 F. Supp. 3d 548, 550 (D.D.C. 2016).

To be sure, police have discretion to determine whether to offer the post-and-forfeit option to an arrestee. But Supreme Court precedent teaches that the presence of enforcement discretion alone does not render a statutory scheme unconstitutionally vague. In *United States v. Batchelder*, 442 U.S. 114 (1979), for example, the Court confronted a statutory scheme under which prosecutors had discretion to prosecute the same offense under two different statutes – one carrying a five-year prison term and one carrying a two-year prison term. The defendant, who had been convicted under the statute carrying the five-year term, argued that the statutory scheme was void for vagueness. The Supreme Court disagreed. The

Court rejected the argument that the statutes "impermissibly delegate to the Executive Branch the Legislature's responsibility to fix criminal penalties." *Id.* at 125-26. No such impermissible delegation was present, according to the Court, because the provisions at issue "plainly demarcate the range of penalties" to which a defendant may be subject. *Id.* at 126. The Court further noted that the prosecutor's broad discretion to determine which charge and sentence to pursue did not alter that analysis. On the contrary, the Court stated that its precedent has "long recognized that when an act violates more than one criminal statute, the Government may prosecute under either so long as it does not discriminate against any class of defendants." *Id.* at 123-24.[2]

In its recent decision in *Beckles v. United States*, the Supreme Court reiterated that a penalty scheme is not unconstitutionally vague merely because it confers "discretion to select an appropriate sentence from within a statutory range." 137 S. Ct. at 893, slip op. at 6. That is true, the Court stated, "even when that discretion is unfettered." *Id.*, slip op. at 6-7. Citing *Batchelder*, the Court noted that so long as a statutory scheme specifies the conduct prohibited and the range of "penalties available," the fact that there may be "uncertainty" about "what penalties may be imposed" does not render the statutory scheme void for vagueness. *Id.*, slip op. at 7 (internal quotation marks omitted).

---

[2] "Selectivity in the enforcement of criminal laws is, of course, subject to constitutional constraints." *Batchelder*, 442 U.S. at 125. Individuals may therefore seek to challenge enforcement decisions made on the basis of "an unjustifiable standard such as race, religion, or other arbitrary classification." *Id.* at 125 n.9 (internal quotation mark omitted). Kincaid has not alleged that kind of discrimination here.

The Supreme Court's decisions in *Batchelder* and *Beckles* are on point here: The fact that the post-and-forfeit statute grants police "discretion to select" whether to offer arrestees the opportunity to post and forfeit does not render the statute unconstitutionally vague. *Id.*, slip op. at 6; *Batchelder*, 442 U.S. at 125-26. The Supreme Court has long allowed discretionary decisions by police, prosecutors, and regulators as part and parcel of the exercise of executive power. *See, e.g.*, *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 760-61 (2005); *Heckler v. Chaney*, 470 U.S. 821, 831-32 (1985); *Batchelder*, 442 U.S. at 124; *Bordenkircher v. Hayes*, 434 U.S. 357, 364-65 (1978); *Confiscation Cases*, 74 U.S. 454, 457-59 (1868); *cf. Marbury v. Madison*, 5 U.S. 137, 165-66 (1803). Under Kincaid's vagueness theory, a countless number of those discretionary decisions – from whether to make an arrest to whether to offer a plea to whether to enforce a statute against a regulated party – would run afoul of the vagueness doctrine. Kincaid's theory is not the law.

\* \* \*

We have considered all of Kincaid's arguments. We conclude that the District of Columbia's post-and-forfeit statute complies with the Due Process Clause of the Fifth Amendment to the Constitution. We therefore affirm the judgment of the District Court.

*So ordered.*