Filed 5/18/16  P. v. Ruvalcaba CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. JORGE PAREDES RUVALCABA, Defendant and Appellant. | D068413 (Super. Ct. No. JCF32923) |


APPEAL from a judgment of the Superior Court of Imperial County, Poli Flores, Jr., Judge.  Affirmed.

Kevin Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Scott C. Taylor and Warren J. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

Jorge Paredes Ruvalcaba appeals from a judgment entered on two counts of forcible rape with a child over 14 years of age (Pen. Code, § 261, subd. (a)(2)),[1] following denial of his motion to withdraw his no contest plea to both counts. Ruvalcaba asserts the trial court abused its discretion in denying the motion because he was unaware of critical facts that would have provided a strong defense to the charges against him, and he did not understand the terms of the plea on the day he signed the agreement. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Ruvalcaba was arrested for repeated rape and molestation of his daughter over a period of five years when she was between the ages of 13 and 18. The prosecution charged Ruvalcaba with two counts of forcible rape of a child over 14 years of age (§ 261, subd. (a)(2)), one count of committing a lewd act upon a child (§ 288, subd. (c)(1)), one count of oral copulation of a person 14 years of age or older (§ 288a, subd. (c)(2)(C)), and two counts of sexual penetration by a foreign object (§ 289, subd. (a)(1)(C)).

Assisted by defense counsel Thomas Storey, Ruvalcaba entered a plea of no contest to the forcible rape counts in exchange for dismissal of the remaining charges and a 16-year sentence instead of the maximum possible 49 years. At the hearing on the plea, the trial court questioned Ruvalcaba to ensure he understood the terms and consequences of the agreement, he was not pressured to take the plea, and he had not taken medication

---

[1] All further statutory references are to the Penal Code.

that would interfere with his judgment. The parties agreed that a police report containing Ruvalcaba's confession constituted the factual basis of the plea. The trial court, satisfied that the agreement was freely and voluntarily made, accepted the plea and set the date for sentencing.

At the sentencing hearing, however, Ruvalcaba stated that he wanted to withdraw his no contest plea and have the court appoint new defense counsel. He stated he was under severe pressure and on medication when he signed the plea and therefore did not understand what he was signing. He also said he was dissatisfied with Storey's investigation and handling of the case. After a *Marsden* hearing,[2] the court granted the request for new counsel.

Thereafter Ruvalcaba was appointed new counsel, who filed a formal motion to withdraw the plea, which the prosecution opposed. In the motion, Ruvalcaba asserted that Storey should have investigated the case more thoroughly, disclosed key facts to him about the victim's credibility, and filed a motion to suppress his confession. Ruvalcaba claimed that had he been aware of critical facts about the victim's credibility issues, which "provided him with a strong defense to the charges against him," he would have rejected the plea, gone to trial, and challenged his confession. Additionally, Ruvalcaba claimed that on the day of the plea, he was under "sever[e] stress" and felt groggy and confused because he had taken medication for anxiety and tension.

_____

[2] *People v. Marsden* (1970) 2 Cal.3d 118.

At the hearing on the motion to withdraw, the prosecution called Storey to testify about Ruvalcaba's assertions. Storey stated that he had an investigator interview the victim and the family. He stated that "[a]ccording to Mr. Ruvalcaba and to some of his family members," the victim had credibility issues. Storey said that he spoke with Ruvalcaba "regarding any possible challenges to the victim's credibility if this case were to go to trial." However, Storey went on to say, "I never told [Ruvalcaba] that the victim may be saying the perpetrator was someone else. [T]his alleged victim was molested on a prior occasion. She was molested by her stepfather. Some of what she said happened and the timing she said it happened lined up when she was living with the [stepfather], not with Mr. Ruvalcaba. It led to credibility issues. [¶] There were other things that she alleged as to Mr. Ruvalcaba. But there were . . . statements that she made when Mr. Ruvalcaba wasn't living where she said he was living. Those were credibility issues. Did we talk about all of those with Mr. Ruvalcaba? I don't know if we did or not. We talked about a lot of things with Mr. Ruvalcaba."

Storey also testified that while working on the case, he read transcripts of Ruvalcaba's confession and discussed several times with Ruvalcaba the possibility of excluding those statements at trial. Storey said that they did not go forward with the

4

motion to suppress, however, because of the time limit on the plea offer and the likelihood that the statements would be brought out at trial anyway.[3]

Storey also testified that over a period of months he discussed plea offers with Ruvalcaba several times and encouraged, but did not pressure, Ruvalcaba to accept. He explained how the plea offered 16 years' imprisonment rather than the maximum possible term of 49 years. Storey said that on the day Ruvalcaba signed the plea, Storey went over the entire form with him. Ruvalcaba did not tell Storey he was on medication, did not appear groggy or confused, and seemed to understand the agreement's terms and consequences.

After hearing testimony and argument, the trial court denied the motion to withdraw the no contest plea finding Ruvalcaba had not shown good cause. The court did not address the argument that Storey improperly failed to disclose issues of the victim's credibility. The court stated, "I think the only substantive point that Mr. Ruvalcaba is making is with regard to the confession that he made." The court found that under the test announced in *Strickland*,[4] Storey's representation was not ineffective and he provided adequate reasons for not moving to suppress the confession. Further, the court found that Ruvalcaba voluntarily entered the plea and his "nebulous assertions" regarding having taken medication and being under pressure failed to show otherwise.

---

[3]    Specifically, Storey said that even if the court suppressed the confession, if the victim testified at trial, Ruvalcaba would need to testify to contradict the victim's statements and on cross-examination, the prosecution would be able to use Ruvalcaba's admissions to impeach him.

[4]    *Strickland v. Washington* (1984) 466 U.S. 668.

The court sentenced Ruvalcaba according to the plea agreement and Ruvalcaba timely appealed.

## DISCUSSION

On appeal, Ruvalcaba asserts that even if Storey's actions did not amount to ineffective assistance of counsel, Storey's failure to disclose crucial facts of the victim's credibility caused Ruvalcaba to accept the plea agreement mistakenly. Ruvalcaba further asserts that had he known he could have challenged his confession, he would have continued to trial. Finally, Ruvalcaba contends that because he was under severe stress and his medication caused him to be groggy on the day he signed the plea, he demonstrated good cause to withdraw his plea and the trial court abused its discretion by denying his motion.

We reject Ruvalcaba's contentions.

### I. *Legal Standards*

Section 1018 states: "On application of the defendant at any time before judgment . . . the court may . . . for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted." In general, "[m]istake, ignorance or any other factor overcoming the exercise of free judgment is good cause for withdrawal of a guilty plea." (*People v. Cruz* (1974) 12 Cal.3d 562, 566.) However, "[a] plea may not be withdrawn simply because the defendant has changed his mind." (*People v. Nance* (1991) 1 Cal.App.4th 1453, 1456.) A "party should not be allowed to trifle with the Court by deliberately entering a plea of 'guilty' one day and capriciously withdrawing it the next." (*People v. McCrory* (1871) 41 Cal. 458, 462.) It is the defendant's burden to

6

demonstrate good cause by clear and convincing evidence. (*People v. Wharton* (1991) 53 Cal.3d 522, 585.)

"The grant or denial of such a withdrawal motion is 'within the sound discretion of the trial court and must be upheld unless an abuse thereof is clearly demonstrated.' [Citation.] We are required to accept all factual findings of the trial court that are supported by substantial evidence." (*People v. Ravaux* (2006) 142 Cal.App.4th 914, 917 (*Ravaux*).)

II. *Analysis*

A.      Victim's Credibility Issues

Ruvalcaba primarily argues that Storey's failure to disclose all critical facts regarding the victim's credibility resulted in him accepting a plea without his free judgment.

An abuse of discretion may be shown where, at the time of the plea, the defendant was unaware of crucial facts that would have provided a potentially meritorious defense to the charged crime. (See *People v. Harvey* (1984) 151 Cal.App.3d 660, 670-671 (*Harvey*) [trial court abused its discretion in denying the motion to withdraw where the defendant was unaware of a psychiatrist's report that potentially negated a required element of the crime to which she pleaded guilty]; *People v. Dena* (1972) 25 Cal.App.3d 1001, 1007-1008 (*Dena*) [same except defendant was unaware of a blood alcohol test report that could have supported a defense of diminished capacity]; *People v. Ramirez* (2006) 141 Cal.App.4th 1501, 1504-1508 (*Ramirez*) [same except defendant was

7

unaware of a supplemental police report that identified new defense witnesses and implicated another suspect].)

A defendant, however, is not required to be provided with knowledge of every conceivable defense regardless of its merit, or provided with an opportunity to withdraw a guilty plea upon discovery of new evidence that *may* have affected the case. (See, e.g., *People v. Kunes* (2014) 231 Cal.App.4th 1438, 1443-1445 (*Kunes*) [trial court did not abuse its discretion in denying a motion to withdraw despite defendant's claim that his defense counsel failed to tell him about a possible necessity defense]; *People v. Breslin* (2012) 205 Cal.App.4th 1409, 1415-1418 [same result even though assault victim recanted his statement and said the incident was an accident after defendant pleaded guilty].)

Here, Ruvalcaba is not entitled to relief because he already knew about the victim's credibility problem. Although Ruvalcaba claims that Storey failed to disclose inconsistencies in the victim's statements, Storey testified that "*[a]ccording to Ruvalcaba* and to some of his family," the victim had credibility issues. (Italics added.) Although Storey could not remember whether he told Ruvalcaba about the specifics of the discrepancies, Ruvalcaba was a source from which Storey identified the credibility issues. This fact was sufficient to support a finding that Ruvalcaba was not ignorant of the victim's credibility problem.

Although the trial court did not address the issue of the victim's credibility in its denial, "[t]he court is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary." (*People v. Myers* (1999) 69

8

Cal.App.4th 305, 310.) After hearing Storey's testimony, the court found "the only substantive point that Mr. Ruvalcaba is making is with regard to the confession that he made." We cannot say the trial court abused its discretion in refusing to entertain Ruvalcaba's claim that the allegedly unknown credibility issues amounted to mistake, ignorance or any other factor overcoming free judgment.

Further, the alleged unknown facts were not as crucial to Ruvalcaba's defense as he purports. Ruvalcaba claims that the victim's credibility issues would have provided a strong defense to the charges against him. However, the credibility issues were inconsistencies in the victim's statements to police, rather than concrete exculpatory evidence. Assuming the victim testified at trial, she still would have implicated Ruvalcaba for the offenses. Thus, the credibility issues only provided a potential strategy for cross-examination of the victim at trial. They did not negate a required element of the crimes to which Ruvalcaba pleaded no contest, nor did they give rise to a previously unavailable defense to those charges. (Cf. *Harvey*, *supra*, 151 Cal.App.3d at p. 665 [psychiatrist's report suggested defendant was incapable of malice, a required element of second degree murder to which defendant pleaded guilty]; *Dena*, *supra*, 25 Cal.App.3d at p. 1007 [blood alcohol test report provided evidence to support a previously abandoned defense of diminished capacity].) Ruvalcaba relies on *Ramirez* to assert that the unknown information does not need to be entirely exculpatory in order to present good cause. (*Ramirez*, *supra*, 141 Cal.App.4th at p. 1508 ["[t]he fact that the new information did not uncontrovertibly exonerate appellant is beside the point"].) While this is true, the evidence does need to be important enough to "cast[] the case against him in an entirely

9

different light." (See *ibid*.) In light of the fact that the charged offenses happened over a period of five years, this is simply not the case for Ruvalcaba.

B.     Confession

Ruvalcaba next argues that had he known he could have challenged his confession, he would not have pleaded no contest. However, there was substantial evidence demonstrating that Storey in fact discussed several times with Ruvalcaba the possibility of excluding the confession at trial. Such knowledge precludes any claim of mistake on these grounds. (See, e.g., *Kunes*, *supra*, 231 Cal.App.4th at p. 1443 [motion to withdraw a plea was properly denied where defendant was aware of the facts that supported the unpursued defense of necessity].) Because Ruvalcaba was fully aware of the possibility of suppressing the confession and still voluntarily signed the plea, it was not an abuse of discretion for the trial court to deny the motion to withdraw.

C.     Understanding of the Plea

Finally, we reject Ruvalcaba's contention that he should have been allowed to withdraw his plea because he was under severe pressure and had taken medication on the day he signed the plea. A defendant's general claim that he was pressured into signing the plea is insufficient to show good cause to withdraw where "[n]othing in the record indicate[d] he was under any more or less pressure than every other defendant" in the same situation. (See *People v. Huricks* (1995) 32 Cal.App.4th 1201, 1208.) Here, the trial court questioned Ruvalcaba's "nebulous assertions that he felt pressure and stress" because he provided no context to these claims and there was nothing in the transcript of the plea hearing that indicated he was under overwhelming pressure. The trial court

10

acknowledged that, like any person in Ruvalcaba's position, he was likely under stress, but "that stress or pressure didn't vitiate the voluntary nature of his plea."

In addition, Ruvalcaba's vague assertion, without corroborating evidence, that medication impeded his exercise of free judgment was properly rejected by the trial court. (See *Ravaux*, *supra*, 142 Cal.App.4th at p. 918 [motion to withdraw was properly denied where "[t]he sole evidence that [defendant's] judgment was affected by medication [was his] own assertions"].) Here, the court was suspicious of Ruvalcaba's vague statement about the medication he claimed to have taken. At the hearing on the motion to withdraw, Ruvalcaba did not indicate what kind of sedatives he took or give a reason for taking them. This court cannot second guess the credibility determinations of the trial court. We see no abuse of discretion in the trial court's refusal to credit Ruvalcaba's uncorroborated claims that pressure and medication overcame his free judgment.

DISPOSITION

The judgment is affirmed.


PRAGER, J.*

WE CONCUR:


BENKE, Acting P. J.


NARES, J.

---

* Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

11